[Civ. No. 2504.    Second Appellate District.—December 19, 1917.]

In the Matter of the Estate of BJELKA PAULSEN, Deceased. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

ESTATES OF DECEASED PERSONS—APPOINTMENT OF SPECIAL ADMINISTRATOR—LACK OF EVIDENCE OF DEATH—ANNULMENT ON CERTIORARI. Where a special administrator is appointed without evidence of the death of the alleged deceased, the order is void for want of jurisdiction, and subject to annulment upon proceedings under a writ of review, since no appeal lies from an order appointing a special administrator.

ID.—AFFIDAVIT OF DEATH—INSUFFICIENT EVIDENCE.—An order appointing a special administrator made upon the recital of the fact of death in an affidavit is void, since affidavits may be used as evi-

dence only in cases expressly permitted by section 2009 of the Code of Civil Procedure.

ID.—ORDER SETTING ASIDE VOID LETTERS—TIME.—A void order appointing a special administrator may be vacated within a reasonable time upon proper procedure by the deceased, if alive, or by an heir at law, if such deceased be dead, and the six months' period provided by section 473 of the Code of Civil Procedure is inapplicable.

ID.—PROCEEDING TO ANNUL ORDER APPOINTING SPECIAL ADMINISTRATOR—PARTY BENEFICIALLY INTERESTED.—The surety on the bond of a removed administrator who has been joined with such administrator in an action for fraud in the administration of the estate is a party beneficially interested in a proceeding to annul a void order appointing a special administrator for a person interested in such estate who was by an order of court made a party plaintiff in such action.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an order appointing a special administrator.

The facts are stated in the opinion of the court.

Patterson Sprigg, and Thomas, Beedy & Lanagan, for Petitioner.

Bischoff & Thompson, for Respondents.

WORKS, J., *pro tem.*—On September 14, 1917, upon petition regularly filed, the respondent made an order appointing Ingina Ostergard special administratrix of the estate of Bjelka Paulsen, deceased; but at the hearing on the petition no evidence was received of the death of Bjelka Paulsen. This proceeding is instituted for an annulment of the order because of the lack of the evidence mentioned. An administrator of the estate of a person manifestly cannot be appointed until such person is deceased, and the only manner in which death can be shown to the court which is asked to appoint is by the production of evidence of death. When a tribunal is clothed with authority or jurisdiction to act only upon the existence of certain facts and it receives no evidence tending to show that such facts exist, its action is void for want of jurisdiction and will be annulled upon proceedings under the writ of review (*Great Western Power Co.* v. *Pillsbury*, 170 Cal. 180, 184, 185, [149 Pac. 35]), provided, of course, no right of appeal exists in the premises; and no ap-

peal lies from an order appointing a special administrator (Code Civ. Proc., sec. 1413).

The respondent apparently concedes the invalidity of the order appointing the administratrix, for counsel makes no reply, in his argument, to the contention of petitioner that the order is void. At any rate, it is void. To clarify the situation, it may be stated that the order of appointment was made upon a recital of the fact of death in an affidavit, which, of course, was not evidence, as affidavits may be used as evidence only in cases expressly permitted by the code (Code Civ. Proc., sec. 2009), and that permission is not given in the case of an application for the appointment of an administrator, either general or special.

There is but one real controversy presented for our consideration and what we have said above is only introductory to it. Section 1069 of the Code of Civil Procedure provides that the writ of review will issue on the petition of the party beneficially interested in a given controversy, and the respondent contends that the petitioner has not such an interest in the outcome of the present proceeding. A more complete statement of the facts is necessary to a discussion of this question. The petitioner is surety upon the bond of E. M. Barber as administrator of the estate of James Ostergard, deceased. The letters of Barber were revoked and a new administrator was appointed in his stead. The new administrator commenced suit for fraud in the administration of the estate against Barber and petitioner, upon Barber's bond. The superior court then ordered that all parties having an interest in the estate of James Ostergard, deceased, be joined as parties plaintiff to that action. Bjelka Paulsen was an heir at law of the decedent, and therefore came within the order. Thereupon, and for the purpose of complying with the order as to parties, Ingina Ostergard filed her petition for appointment as special administratrix of the estate of Bjelka Paulsen, deceased, alleging the death of the latter. The petition came on for hearing with the result above stated. The petitioner in this proceeding presented to respondent, before the filing of its petition here, a motion to set aside the appointment of the special administratrix on the ground that the court heard no evidence of Bjelka Paulsen's death and the application was denied. By this step petitioner put itself in proper train for the maintenance of this proceeding (*Elliott* v. *Superior*

*Court,* 144 Cal. 501, [103 Am. St. Rep. 102, 77 Pac. 1109]),
provided it has an actual beneficial interest in the contro-
versy, for the filing with respondent of the motion to set
aside could not give petitioner an interest which it did not
as of right already possess.

Ingina Ostergard, as special administratrix of the estate
of Bjelka Paulsen, deceased, has already been made a party
plaintiff in the action on Barber's bond, although legally,
as we have shown, she is not the representative of her alleged
intestate. The amended complaint making her a party,
although it is not before us, necessarily alleges her appoint-
ment and qualification as administratrix. If her appoint-
ment is to withstand the assault made upon it in this pro-
ceeding, and if petitioner, as a defendant in the action on the
bond, shall object to the offer in evidence in that action of
the special letters of administration, the objection will be
overruled, because the lack of jurisdiction will not appear
upon the face of the offer and because the objection will be
but a collateral attack upon the order of appointment.
(*Emery* v. *Kipp,* 154 Cal. 83, [129 Am. St. Rep. 141, 19
L. R. A. (N. S.) 983, 97 Pac. 17].) But Bjelka Paulsen, if
she be in fact alive, or any heir at law of hers, if she be de-
ceased, may within a reasonable time, upon proper pro-
cedure—whether by motion or by independent action—pro-
cure a setting aside of the void order appointing the special
administratrix; for a proceeding to set aside that order on
the ground now presented to us does not come within the
terms of section 473 of the Code of Civil Procedure, limiting
the time for relief thereunder to six months, there being no
mistake, inadvertence, surprise, or excusable neglect as an
element of the ground urged. (*Norton* v. *Atchison etc. R.
Co.,* 97 Cal. 388, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac.
452]; *De la Montanya* v. *De la Montanya,* 112 Cal. 101, [53
Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]; *Grannis* v.
*Superior Court,* 146 Cal. 245, [106 Am. St. Rep. 23, 79 Pac.
891]; *Smith* v. *Jones,* 174 Cal. 513, [163 Pac. 890].) If such
steps are taken by any of the interested parties mentioned,
it may be that the void order of appointment will not thus
be vacated until after final judgment shall have been ren-
dered in the action on Barber's bond. If the order is then
vacated, the judgment in that action will not bind Bjelka
Paulsen, if she be yet alive, nor her heirs, if she be deceased.

Under the order requiring that all persons interested in the estate of James Ostergard, deceased, be brought into the action on Barber's bond, we must assume that Bjelka Paulsen is a necessary party to that litigation. Therefore, if the appointment of Ingina Ostergard shall be set aside by any person other than petitioner, in the manner above mentioned, particularly after judgment shall have been rendered in the action on the bond, with Ingina Ostergard as a party, as administratrix, the petitioner may be subjected to further litigation of the matters involved in the action, either at the hands of Bjelka Paulsen in person or at the hands of her duly lettered personal representative. Under these circumstances it is manifest to us that petitioner is beneficially interested in the outcome of this proceeding. It is the right of petitioner to have either Bjelka Paulsen or her properly designated representative made a party to the action on the bond.

The order of respondent appointing the special administratrix is annulled.

Conrey, P. J., and James, J., concurred.