[L. A. No. 5816. In Bank.—December 31, 1918.]

In the Matter of the Estate of BJELKA PAULSEN, Deceased. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

CERTIORARI—OFFICE OF WRIT.—The writ of *certiorari* is not available to attack mere error, but lies only where an inferior court or tribunal has acted without or in excess of its jurisdiction.

ID.—DETERMINATION OF JURISDICTIONAL FACT—REVIEW OF EVIDENCE.— Where authority to act depends upon the existence of a given fact, the inferior court or tribunal can act only upon evidence tending to establish such fact. The review under the writ extends not only to the whole of the record of the court below, but even to the evidence itself, where necessary to determine the jurisdictional fact.

ESTATES OF DECEASED PERSONS—APPLICATION FOR LETTERS—DEATH— JURISDICTIONAL FACT.—The superior court is without authority to appoint an administrator of the estate of a living person, and on an application for letters the death of the alleged decedent is a jurisdictional fact.

ID.—PROOF OF DEATH.—The superior court in a proceeding for letters of administration of the estate of an alleged deceased person has the right to receive and consider, as tending to prove death, evidence that the applicant had heard from the various members of the family of the deceased (residing out of · the jurisdiction) that the alleged deceased person had died in Denmark, been buried there, and that a monument, a photograph of which had been sent to the applicant, had been erected over the grave.

ID.—PROCEEDING FOR LETTERS OF ADMINISTRATION — PEDIGREE.—A proceeding for letters of administration is a case of "pedigree" under section 1870, subdivision 11, of the Code of Civil Procedure, providing evidence of common reputation may be given in cases of pedigree.

PROCEEDING in Certiorari originally instituted in the District Court of Appeal to annul an order appointing a special administratrix of the estate of a deceased person. S. M. Marsh, Judge. Order affirmed.

The facts are stated in the opinion of the court.

Patterson Sprigg and Thomas, Beedy & Lanagan, for Petitioner.

Bischoff & Thompson, for Respondents.

SLOSS, J.—A writ of *certiorari* was issued by the district court of appeal for the second appellate district to review an order of the superior court of San Diego County appointing Ingina Ostergard special administratrix of the estate of Bjelka Paulsen, deceased. A return was made, and the reviewing court gave judgment annulling the order of appointment upon the ground that the superior court had acted without any competent evidence of the jurisdictional fact of the death of the alleged decedent. A prior order appointing said Ingina Ostergard special administratrix of the estate had theretofore been annulled on *certiorari* by the same appellate court. (*Estate of Paulsen,* 35 Cal. App. 654, [170 Pac. 855].) No petition for transfer of the earlier proceeding was presented, but the later one has been ordered to this court for hearing and determination.

The petitioner for the present writ, as for the former one, is United States Fidelity and Guaranty Company, a corporation. Its relation to the order of appointment made by the superior court is set forth in the opinion of the district court of appeal on the first writ. In each of the two proceedings before it, that court held such petitioner to be a party "beneficially interested." (Code Civ. Proc., sec. 1069.) We pass this point, which is preliminary and of relatively minor importance, with the mere statement that we regard the correctness of the conclusion reached thereon as open to grave doubt. The case may more properly, we think, be decided on the merits of the attack directed against the jurisdiction of the superior court.

The writ of *certiorari* is not available to attack mere error; it lies only where an inferior court or tribunal has acted without or in excess of its jurisdiction. (*Pacific Tel. etc. Co.* v. *Eshleman,* 166 Cal. 640, 694, [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119].) Where authority to act depends upon the existence of a given fact, the inferior court or tribunal can act only upon evidence tending to establish such fact. The review under the writ extends "not only

to the whole of the record of the court below, but even to the evidence itself, where necessary to determine the jurisdictional fact." (*Schwarz* v. *Superior Court,* 111 Cal. 106, 112, [43 Pac. 580].) It may readily be conceded that the superior court is without authority to appoint an administrator of the estate of a living person, and that, on an application for letters, the death of the alleged decedent is a jurisdictional fact.

On the hearing in the superior court, the petitioner, Ingina Ostergard, was sworn as a witness. She testified, on direct examination, that she was a resident of this state; that Bjelka Paulsen was her sister, had been residing in Denmark, and had died about the 20th of November, 1914. The witness had first learned of her said sister's death through a cablegram from her (the decedent's) daughter. Upon cross-examination Miss Ostergard testified that she had been in this country for ten years; that when she left Denmark, where her abode had been, her sister, Bjelka Paulsen, was still alive; that she had not seen her sister since that time. Her information was that derived through the cablegram above mentioned, and through letters received from another sister and from the children of Bjelka Paulsen, written from the place where Bjelka Paulsen had died. She had also received a photograph of the monument on the grave of her said sister. The cablegram announcing the death of Mrs. Paulsen was offered in evidence.

The petitioner's claim is that this evidence constituted hearsay merely, and that it furnished no basis upon which the court below could find the fact of death. Proof of death, it is said, should have been made by the testimony of some one who had seen the dead body of Mrs. Paulsen, or, at least, had personal knowledge of facts from which it might reasonably be inferred that she had died. No such witness being available within the jurisdiction, a commission should have been issued to take the testimony abroad.

It is quite apparent that under this view of the law, if it be the correct one, there might be considerable difficulty in obtaining letters of administration of the estate of a person whose death had occurred far beyond the boundaries of the state. In any event, a prompt grant of letters, however necessary for the preservation of the estate or the protection of the interests of the heirs, would most often be impossible

in such a case. Upon testimony like that here offered (assuming its truthfulness), the ordinary mind, unhampered by an acquaintance with technical rules of evidence, would, we think, have little hesitation in forming the belief that Mrs. Paulsen was, in fact, dead. We should regret to be obliged to hold that a court of law is without authority to receive such testimony, or to act upon it. The law does not, we think, impose such necessity upon us. Under section 1870 of the Code of Civil Procedure, evidence may be given of "11. Common reputation existing previous to the controversy, . . . in cases of pedigree. . . . " And section 1852 of the same code declares that "the declaration, act, or omission of a member of a family who is a decedent, or out of the jurisdiction, is also admissible as evidence of common reputation, in cases where, on questions of pedigree, such reputation is admissible." These provisions enunciate, in statutory form, a long-established and familiar exception to the general rule excluding hearsay. (1 Greenleaf on Evidence, 16th ed., sec. 114b et seq.; *Estate of Heaton,* 135 Cal. 385, [67 Pac. 321].) When the applicant for letters testified that she had heard from the various members of the family residing in Denmark (i. e., "out of the jurisdiction") that Mrs. Paulsen had died and been buried there, and that a monument, a photograph of which was sent to the applicant, had been erected over the grave, she furnished evidence which, under the express provisions of our statute, the court was authorized to receive and consider as tending to show that the fact that Mrs. Paulsen was dead was a matter of common reputation in her family. Testimony of like character has frequently been held to be admissible in proof of death. In *Anderson* v. *Parker,* 6 Cal. 197, a case in which it was incumbent upon the plaintiff in ejectment to show the death of his ancestor, the court said: "We are of opinion that hearsay information of the death, derived from the immediate family of the deceased, is sufficient *prima facie* to establish the fact, and was properly admitted." (See, also, *Secrist* v. *Green,* 3 Wall. 744, [18 L. Ed. 153, see, also, Rose's U. S. Notes]; *Morrill* v. *Foster,* 33 N. H. 379; *American Life Ins. Co.* v. *Rosenagle,* 77 Pa. St. 507; *Mason* v. *Fuller,* 45 Vt. 29; *Eaton* v. *Tallmadge,* 24 Wis. 217; *Van Sickle* v. *Gibson,* 40 Mich. 170.)

It is said, however, that this is not a case of pedigree. "The term 'pedigree' embraces not only descent and relationship, but also the facts of birth, marriage, and death, and the times when these events happened." (1 Greenleaf on Evidence, 16th ed., sec. 114f.) Whether evidence of reputation or declarations may be given wherever proof of the facts of birth, marriage, or death may be relevant, or only in litigation in which the matter of descent is directly in issue, is a point upon which the authorities are in conflict. The English rule, followed in some American jurisdictions, is that evidence of the kind under discussion is admissible only in the latter class of cases. The majority of American jurisdictions have, however, adopted the broader rule of permitting the evidence in all cases where the fact is relevant. (1 Greenleaf on Evidence, 16th ed., sec. 114g; Wigmore on Evidence, sec. 1503.) If a choice between the opposing views were required here, we should incline to the doctrine last stated. As was said by Bigelow, C. J., in *North Brookfield* v. *Warren*, 16 Gray (Mass.), 171, 174, "If this evidence is admissible to prove such facts at all, it is equally so in all cases where they become legitimate subjects of judicial inquiry and investigation."

The petitioner points with confidence to *People* v. *Mayne*, 118 Cal. 516, [62 Am. St. Rep. 256, 50 Pac. 654], where this court used expressions indicating an acceptance of the narrower rule. But what was there said was not necessary to the decision, which seems to have gone, finally, upon the ground that the declaration offered to show the date of the birth of a child (i. e., an entry in a Bible) should have been rejected because the declarant (the mother) was herself present as a witness at the trial. In two other cases, one decided after *People* v. *Mayne*, the court held that evidence of the kind there rejected had been properly received. (*People* v. *Ratz*, 115 Cal. 132, [46 Pac. 915]; *People* v. *Slater*, 119 Cal. 623, [51 Pac. 957].)

We need not, however, undertake to define here the exact class of cases which may be said to involve questions of pedigree, within the meaning of the rule under discussion. *People* v. *Mayne* was a prosecution for acts alleged to have been committed upon a girl under a given age. There is no similarity between such a case and an application to a probate court for letters of administration. In order to establish her

preferred right, as a relative, to appointment, the applicant alleged, and might have been called upon to prove, not only the fact of death, but her own relationship to the decedent and her interest in the estate. (Code Civ. Proc., secs. 1365, 1413.) The right of succession was thus necessarily presented for determination. Furthermore, the grant of letters is but a step in a proceeding having for its purpose the administration and distribution of the estate of a decedent. Such a proceeding directly involves questions of descent and inheritance, and, as incidental thereto, the facts of the death and time of death of the alleged decedent. Under any reasonable interpretation, such a proceeding should be held to be a case of pedigree.

We conclude, therefore, that the court below was warranted in accepting the testimony of Miss Ostergard as competent evidence tending to prove the death of Mrs. Paulsen.

The order is affirmed.

Wilbur, J., Melvin, J., Lorigan, J., and Angellotti, C. J., concurred.