[Civ. No. 5012.   Second Appellate District, Division One.—February 25, 1925.]

M. M. SHROPSHIRE et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF RIVERSIDE et al., Respondents.

[1] Certiorari — Justice's Court Judgment — Appeal to Superior Court—Workmen's Compensation Act. — Jurisdiction. — A writ of *certiorari* to review a judgment of the superior court in favor of a physician, upon the ground that the superior court did not have jurisdiction to render the same because at the trial in said superior court the evidence proved conclusively that the services of the plaintiff were required and rendered by reason of injuries received by one while in the employ of petitioners, that said employee and petitioners were subject to the compensation provisions of the Workmen's Compensation Act, and that no agreement was made by petitioners with said physician whereby the amount to be paid for his services was fixed, will be denied, where the same facts were either actually included in the appeal from the justice's court (where the action was originally commenced) to the superior court, or if they were not so included, they were omitted because the petitioners failed to produce them.

[2] Id.—Appeal.—The writ of review may not be granted in any case where the party demanding such writ has a right of appeal, and this includes a case where the party has had a right of appeal.

---

(1) 11 C. J., p. 113, n. 78.   (2) 34 Cyc., p. 1698, n. 34, p. 1699, n. 39.

2.   See 4 Cal. Jur. 1054.

APPLICATION for a Writ of Certiorari to review a judgment of the Superior Court of Riverside County. Wm. H. Ellis, Judge. Petition denied.

The facts are stated in the opinion of the court.

William Guthrie for Petitioners.

No appearance for Respondents.

CONREY, P. J.—The facts as shown by the petition are as follows: In the justice's court of San Gorgonio township, in the county of Riverside, one J. W. Cook, a physician, sued petitioners on a claim for an amount stated as the reasonable value of professional services performed by him for one Roy Henderson. It was alleged that the plaintiff rendered those services at the special instance and request of the defendants. Judgment having been rendered in favor of Cook, the defendants appealed to the superior court on questions of law and fact. At the trial in the superior court the evidence proved conclusively that the services of the plaintiff were required and rendered by reason of injuries received by Henderson while in the employ of the defendants; that at the time of the injuries, Henderson was performing services growing out of and incidental to his employment and was acting in the course of his employment. Therefore, both petitioners and Henderson were subject to the compensation provisions of the Workmen's Compensation, Insurance and Safety Act of 1917. (Stats. 1917, p. 831.) The petition alleges that by reason of said facts the superior court did not have jurisdiction to render the judgment which it rendered against petitioners as the result of said trial in the superior court; and it is further alleged that petitioners have no other plain, speedy, or adequate remedy at law. The petition further alleges that the evidence produced at the trial in the superior court proved conclusively that no agreement was made by petitioners with Dr. Cook wherein and whereby the amount to be paid for his said surgical and medical services was fixed.

Petitioners rely upon section 17, subdivision (b), of the Workmen's Compensation, Insurance and Safety Act of 1917, which provides that the jurisdiction of the Industrial

Accident Commission shall include any controversy concerning compensation or concerning any right or liability arising out of or incident thereto, jurisdiction over which is fixed by this act in the commission, "unless an express agreement shall have been made between the persons or institutions rendering such treatment and the employer or insurance carrier fixing the amount to be paid for the services." (Workmen's Compensation, Insurance and Safety Act of 1917, Deering's Gen. Laws, 1923 ed., Act 4749.)

The contention is that as soon as the evidence established the fact that no such agreement had been made fixing the amount to be paid for the services of the plaintiff, the superior court should have dismissed the action for want of jurisdiction. And further, upon the point that this court in a *certiorari* proceeding may examine the evidence to test the jurisdiction, counsel for petitioners refers to the decision of the supreme court in the matter of the *Estate of Paulsen,* 179 Cal. 528 [178 Pac. 143].

Let it be assumed, for the purposes of this decision, that we are in agreement with counsel for petitioners concerning both of these propositions. [1] Nevertheless, we think that the petition should be denied. [2] The writ of review may not be granted in any case where the party demanding such writ has a right of appeal. (Code Civ. Proc., sec. 1068.) This includes a case where the party has had a right of appeal. For aught that appears in the petition, it may be that the same facts which were shown by the evidence in the superior court were also produced in evidence before the justice's court. Or if they did not so appear, it was in the power of the defendants to have established or offered to have established those facts by evidence in the justice's court. They were facts, therefore, either actually included in the appeal to the superior court, or if they were not so included, they were omitted because the defendants failed to produce them. Under such circumstances, although there is no right of appeal from the judgment of the superior court, it cannot be said that for that reason the case was one in which there was no right of appeal; for there was a right of appeal from the justice's court to the superior court.

The petition is denied.

Houser, J., and Curtis, J., concurred.