[Civ. No. 6281. Second Appellate District, Division Two.—February 21, 1929.]

ILDEFONSO HOLQUIN et al., Petitioners, v. HARRY L. ALLISON, etc., et al., Respondents.

Leo B. Ward and A. S. Maloney for Petitioners.

Victor T. Watkins for Respondents.

CRAIG, J.—On January 25, 1928, the petitioners herein were awarded a verdict in the sum of $4,000 damages against the respondents Daley Water Company, a corporation, and Augua Mansa Company, a corporation. On March 19, 1928, a motion for new trial was argued and submitted upon briefs, the plaintiffs being by stipulation allowed two days and the defendants one day thereafter in which to present their respective written arguments and authorities. It is alleged by petitioners, and is not denied, that on January 25, 1928, "judgment upon said verdict so rendered was thereupon entered in said cause in the presence of said parties and their respective counsel," and that "thereafter, and in due time, defendants in said action served upon the petitioners herein" a notice of their intention to move the respondent court for a new trial. On March 26, 1928, the respondent court made its order granting the motion for a new trial. Thereafter petitioners moved to set aside the order last mentioned, upon the ground, it is averred, that the court was without jurisdiction to rule thereon after the expiration of two months from the date of the verdict of the jury, and demanded an execution upon said judgment, which was refused. A writ of mandate is here prayed, di-

recting the respondents superior court and the clerk thereof to issue execution upon the judgment theretofore entered.

Respondents contend that since the period of two months from January 25th expired Sunday, March 25, 1923, the motion for new trial was properly granted on the following day under the provisions of section 12 of the Code of Civil Procedure. The power of courts to grant new trials is fixed by section 660 of the Code of Civil Procedure, which reads, in part, as follows:

"The power of the court to pass on motion for a new trial shall expire within two months after the verdict of the jury or service on the moving party of notice of the entry of judgment. If such motion is not determined within said two months, the effect shall be a denial of the motion without further order of the court."

Section 12 of the same code provides that:

"The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded."

The respective parties have submitted exhaustive briefs embracing quotations from numerous decisions wherein these sections have been construed together prior to the amendment of section 660 reducing the limitation from three months to two months. Petitioners cite *Shepherd* v. *Superior Court,* 54 Cal. App. 673 [202 Pac. 466], which, upon the authority of *Bidwell* v. *Sonoma County Trans. Co.,* 39 Cal. App. 330 [178 Pac. 722], held that: "The three months period of limitation within which the court could determine the motion, expired on Sunday, April 3rd, and was not extended by the fact that the last day and all of the Saturday preceding from 12 o'clock noon until 12 o'clock midnight were holidays, and a nonjudicial period." They also rely upon *Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486], wherein it was held that Saturday was not a holiday within the meaning of section 10 of the Code of Civil Procedure so as to require its exclusion in computing the period of time within which to perform judicial acts, under the provisions of section 12 of the Code of Civil Procedure. Respondents contend that in all such cases the precise point here presented was not directly raised, and that their language was in this respect mere *dictum.* In the case last mentioned this

is true, and in *Shepherd* v. *Superior Court, supra,* the essential holding was that the superior court had no power to grant a new trial at the residence of the judge on Saturday afternoon, a legal holiday. In *Lancel* v. *Postlethwaite, supra,* it was also held that Saturday cannot fairly be held to be a "holiday" within the meaning of section 10 of the Civil Code, and excluded, assuming for the purpose of that decision the applicability of section 12 to section 660 of the Code of Civil Procedure. It was there further said, however:

"The court should determine a motion for a new trial regularly made, 'at the earliest possible moment,' and it is expressly made its duty to do so. It has the power to grant a new trial at any time 'within three months after the verdict of the jury or service on the moving party of notice of the decision of the court,' and also power to formally deny such motion within said time. Its failure to determine the motion at all within said time is a denial of the motion. In other words, a trial court is empowered to grant a new trial, upon a motion duly made to that end, at any time within three months after the verdict of the jury or service on the moving party of notice of the decision of the court, but not thereafter; and its failure to determine within such time any such motion regularly made is a denial of such motion and a 'determination in the trial court' within the meaning of section 939 of the proceedings on such motion."

We think it clearly the intention of the legislature, and the import of decisions construing the sections here in controversy, that a motion for new trial must be granted or denied *within* the statutory period prescribed by section 660 of the Code of Civil Procedure, and that beyond the final date of such period, even though it be a holiday, the court shall be without jurisdiction to act thereon. If it be assumed that the language employed in each of the foregoing instances was *dicta,* the rule was stated as definitely applicable to the circumstances indicated, and was so invoked in *Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 [205 Pac. 446], upon application for a writ of mandate requiring the court to take jurisdiction of a motion for new trial after the expiration of the statutory period. It was held that since the petitioner had forfeited its corporate powers,

it did not legally exist as a litigant, and could not receive or give notice in pending proceedings. The supreme court there again expressly held, however, upon the authority of previous enunciations:

"It was suggested upon the oral argument that the court in any event is now without jurisdiction to hear the motion because of the lapse of more than three months from the date of the purported notice of entry of judgment. It is true that a failure to pass upon such a motion within three months of the notice of entry of judgment is in effect a denial thereof. (Code Civ. Proc., sec. 660, as amended in 1917 [Stats. 1917, p. 240]; *Lancel* v. *Postlethwaite*, 172 Cal. 326 [156 Pac. 486]; *San Francisco etc. T. Rys.* v. *Superior Court*, 172 Cal. 541 [157 Pac. 604].)"

We are convinced that section 660 of the Code of Civil Procedure is specific and controlling. In *Bidwell* v. *Sonoma County Trans. Co., supra,* the defendant appealed from the ruling vacating an order granting a new trial, under circumstances not unlike those here presented. The precise point to be there presented was argued and the supreme court denied a hearing after affirmance. The conclusion of the district court of appeal is apt: "A careful consideration of the language of these two sections leads us to the conclusion that section 660 is not affected by the provisions of section 12, and that the three-month period during which a court has power to pass on a motion for a new trial is not extended if the closing day thereof should fall upon a Sunday."

It is next insisted by respondents that the petitioners herein had a plain, speedy, and adequate remedy by appeal from the order granting a new trial, and are not properly before this court. Since said order constituted an act without and in excess of the jurisdiction of the trial court *certiorari* will lie. It appears to have been so held in *Diamond* v. *Superior Court,* 189 Cal. 732 [210 Pac. 36]. In that case it was said that *certiorari* would lie, especially because of the fact that the act of the trial court had been in excess of its jurisdiction. The same is true in the instant case, and this regardless of whether or not a right of appeal exists.

The petition is granted.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 22, 1929.

All the Justices present concurred.