[Civ. No. 7038. First Appellate District, Division One.—September 30, 1929.]

MABEL WEBB HOLABIRD, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF FRESNO, Respondent.

D. Joseph Coyne for Petitioner.

W. H. Stammer for Respondent.

TYLER, P. J.—Mandate to compel the Superior Court of the County of Fresno to hear and determine a motion for an order to vacate and set aside a previous order, admitting the will of one Bessie M. Ball to probate, and appointing an executor thereof.

The petition in substance alleges that the court had no jurisdiction of the estate for the reason that the deceased was not a resident of the county of Fresno at the time of her death, but on the contrary was a resident of the county of Los Angeles, and that the testimony given at the hear-

ing, to the effect that deceased was a resident of the county of Fresno, was untrue.

It appears from the record that Bessie M. Ball died on the twentieth day of May, 1929. Thereafter on the twenty-eighth day of May of the same year, Leo A. Seibert filed her will for probate in the county of Fresno and prayed for letters testamentary thereon. Notice was given of the hearing in all respects as required by law.

On June 7, 1929, at the time and place fixed, testimony was taken of all the material facts alleged in the petition, which was reduced to writing and filed with the clerk. At the close of the hearing the court executed a certificate of proof of the will of deceased, which was duly filed. The court thereupon made its order admitting the will to probate and further ordered that letters testamentary be issued to Seibert in accordance with his petition. Seibert thereupon qualified as executor and proceeded to administer upon the estate. Thereafter on June 22, 1929, petitioner herein, a sister of the deceased, filed with the clerk of the Superior Court of the County of Fresno, in said proceeding, a notice of motion for an order revoking and vacating the order admitting the will to probate, and for an order dismissing all proceedings in the matter of the said estate. The motion was based upon the ground that the Superior Court of the County of Fresno had no jurisdiction to admit the will to probate for the reasons hereinabove stated. Certain affidavits were filed in support of the motion; the executor of the estate filed counter-affidavits and an answer thereto, in which he denied that he falsely testified as to the residence of the deceased, and alleged that the deceased was a resident of the county of Fresno at the time of her death. The affidavits filed by the executor were nine in number and all were to the effect that the deceased was a resident of the county of Fresno at the time of her death. We do not deem a recital of the facts contained in these various affidavits to be necessary.

On the twenty-sixth day of July, 1929, at the time specified in said notice, said matter came on regularly for hearing. The executor filed his objections to the hearing of the motion on the ground that the court had no authority, power or jurisdiction to hear or grant said motion, as the order admitting the will to probate and appointing the executor and directing the issuance of letters testamentary

was conclusive upon all persons as to the matters adjudicated in said order, and particularly as to the residence of the deceased. It was further claimed that the notice to revoke was a collateral attack upon the order admitting the will to probate, which order was *res judicata* upon the subject of the residence of the testator. The court refused to entertain the motion and the present proceeding followed.

At the outset it may be stated that nowhere in the petition does petitioner claim that she did not have actual notice of the proceedings admitting the will to probate, nor does she recite any facts going to show that she suffered any injury or that she was in any manner prevented from attending the hearing or enforcing her alleged rights. The fraud claimed is purely intrinsic. ■ It is the settled law of this state that an order granting letters of administration is an adjudication of the fact of residence of the deceased in the county over which the court has jurisdiction, and it is binding upon the whole world, unless vacated or set aside on direct attack, for all the purposes of the administration of the estate of the deceased. (*Estate of Relph,* 185 Cal. 605 [198 Pac. 639]; *Estate of Dole,* 147 Cal. 188 [81 Pac. 534]; *Estate of Latour,* 140 Cal. 414 [73 Pac. 1070, 74 Pac. 441].) ■ While residence is jurisdictional, it is one of those jurisdictional facts which the court must determine from evidence produced before it and when determined, it cannot be attacked collaterally. (*In re Estate of Griffith,* 84 Cal. 107 [23 Pac. 528, 24 Pac. 381].) ■ The Superior Court of a county in which the petition for letters has first been filed has exclusive jurisdiction to determine the question of residence of the decedent, and the courts of other counties must abide the determination of that court, which is reviewable only upon appeal. (*Estate of Spencer,* 198 Cal. 329 [245 Pac. 176].) ■ Here the court had jurisdiction to hear the proceeding and weigh the evidence and consider its sufficiency to establish the residence of the deceased, and if it erred in that respect, the proper remedy was by appeal within the time allowed by law. As above stated, no claim is here made that any extrinsic fraud was practiced in the procurement of the order and the petition alleges that proper notice was given to all interested parties of the time and place of the hearing, as required by law.

Under these circumstances, the petitioner is not entitled to the remedy prayed for. The petition is therefore denied.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 30, 1929, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 25, 1929.