[L. A. No. 15563. In Bank.—March 25, 1936.]

CORINNE ARBUCKLE LANKTON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Wm. Ellis Lady for Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondents.

CURTIS, J.—Proceeding to review order of trial court or prohibit said court from modifying judgment after the time for appeal from said judgment and for motion for new trial has elapsed. ■ No showing was attempted to be made that the judgment had been rendered through the mistake, inadvertence, surprise or excusable neglect of the defendant. Therefore, the court was without authority to modify the judgment upon any of those grounds under the provisions of section 473 of the Code of Civil Procedure. ■ The modification which the court in its memorandum opinion indicated it proposed to make in the judgment was to reduce the amount thereof from $3,970 to $2,295, not on the ground of any clerical error of the court in the rendition of the judgment, but because the court upon the argument of the motion to modify the judgment came to the conclusion that it was without authority to enter a judgment for an amount exceeding the sum of $2,295. The decision of the court at the time of its rendition of the judgment that the plaintiff was entitled to a judgment against the defendant in

the sum of $3,970 was the decision of a judicial question, and if any error was made by the court in such decision, it was a judicial error which could only be corrected by the court upon a motion for a new trial, or by an appellate court upon an appeal.

The judgment in this case was the identical judgment which the trial court intended to render. There was no mistake in its entry, and it expressed in apt and definite terms the conclusion at which the trial court arrived during the trial of the action. If the court misconstrued the evidence before it, or misapplied the law applicable to the facts disclosed by the evidence, or was even misled by counsel, such an error was in no sense a clerical error which could thereafter be corrected by the court upon its own motion or in any proceeding except on motion for a new trial. (*O'Brien* v. *O'Brien,* 124 Cal. 422, 426 [57 Pac. 225, 226]; *First National Bank of Fresno* v. *Dusy,* 110 Cal. 69 [42 Pac. 476]; *Byrne* v. *Hoag,* 116 Cal. 1 [47 Pac. 775].) In the O'Brien case the court on page 426 makes the following statement of the law, "We think from the evidence upon which the order here in question was made it clearly appears that the decree entered July 25th, as signed by the judge, was his last direction to the clerk and was the decision in the case, and there was no mistake or misprision of the clerk; if error was committed in rendering the judgment, it was a judicial error which could be remedied only by appeal or motion for a new trial."

It is further contended by the respondent court that petitioner has an adequate remedy at law by appeal from the order of modification when made, and therefore a writ of prohibition would not issue to restrain the trial court from proceeding to modify the judgment in the manner indicated in its memorandum opinion. The same question was raised in the case of *Stanton* v. *Superior Court,* 202 Cal. 478 [261 Pac. 1001], in which the petitioner applied for a writ of *certiorari* to annul an order of the trial court purporting to vacate and annul the judgment of the court. It was contended that the error of the court in the premises could be reached by an appeal from said order and that the petitioner was relegated for relief to an appeal. In response to this contention, the court at page 490 held, "To require review

to be by appeal of every unauthorized order or judgment attacking the proceedings by which the regular judgment was given and made would necessarily embarrass, if not destroy, the efficiency of our whole legal system.''

In this proceeding the record before us shows that no order was actually made by the trial court modifying the judgment, but that the court signified in its memorandum opinion that it intended to make such modification when certain computations had been furnished. As no order for the modification of the judgment has been made, the writ of *certiorari* will not lie and the petition, therefore, in so far as it asks for a writ of review is dismissed. Petitioner's remedy is by prohibition to restrain the trial court from signing said order of modification or from taking any action to modify, change or vacate said judgment. As we have stated above, the petition is for either a writ of review or a writ of prohibition. Let the writ of prohibition issue as prayed for. Motion to dismiss is denied.

Shenk, J., Langdon, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.