[S. F. No. 16008. In Bank.—December 28, 1938.]

EMMA G. IVORY et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Morrison, Hohfeld, Foerster, Shuman & Clark for Petitioners.

Robert R. Moody for Respondent.

WASTE, C. J.—By this proceeding for *certiorari* petitioner seeks a review and annulment of two orders of the San Francisco Superior Court sitting in probate, to wit: an order made on May 14, 1937, setting aside a prior order admitting to probate the last will of John Ivory, deceased, and an order made on March 1, 1938, dismissing the probate proceeding for lack of jurisdiction.

Petitioner is the widow of the decedent and sole devisee and executrix under his will. She petitioned in San Francisco for probate of the will averring that decedent was a resident of that city and that she was his sole surviving next of kin. Notice of hearing of the petition was duly

published, and a copy thereof was mailed to petitioner. This latter act purported to be a due compliance with section 328 of the Probate Code, which requires that the notice be served, personally or by mail, upon the heirs of the testator. However, decedent's mother received no notice, nor was she mentioned in the petition for probate, notwithstanding that she would, with the widow, have been an heir to decedent's separate property if he had died intestate. On May 8, 1936, the will was admitted to probate by an order which recited that "notice had been given according to law", and that the testator had died a resident of San Francisco. No appeal was taken from this order, nor was application made under section 473 of the Code of Civil Procedure to set it aside. The probate of the estate was continued, and it proceeded to the point where, on January 25, 1937, a minute order was entered granting a petition of the widow for final distribution. But no decree of distribution was actually filed, and so far as appears, the estate has never been distributed.

On May 1, 1937, the mother of decedent, by the guardian of her person and estate, filed a notice of motion to set aside the order of May 8, 1936, admitting the will to probate upon the ground, first, that the San Francisco court was without jurisdiction of the estate because decedent at the time of his death was an actual *bona fide* resident of Modoc County, and second, that extrinsic fraud had been practiced by the widow upon the court and the mother by the failure to name her as an heir and give her due notice of the probate proceeding. This motion was never heard, but instead counsel stipulated that the probate order might be set aside solely because of the failure to name the mother as an heir and give her the required notice, and that the widow might have ten days within which to file an amended petition for probate. Pursuant to this stipulation, and on May 14, 1937, the court made an order vacating the probate order of May 8, 1936. No appeal was taken from the order of May 14th, nor was relief from it sought within the period prescribed by section 473 of the Code of Civil Procedure. The widow almost immediately filed an amended petition for probate, listing both herself and the mother as heirs; and the mother, by her guardian, then answered the amended petition, attack-

ing the jurisdiction of the San Francisco court because of the alleged nonresidence of decedent.

Issues being joined upon the amended petition and the answer thereto, a hearing was had. The Superior Court expressed the opinion, upon the testimony, that John Ivory was a resident of Modoc County at the time of his death and that the San Francisco court could not entertain a petition for the probate of his will. Counsel for the guardian of the mother then proposed findings of fact and conclusions of law and served the opposing party with a copy thereof. After this was done, and before the findings of fact and conclusions of law were signed, the widow then changed to her present counsel and moved to set aside the order of May 14, 1937, and objected to any further proceedings upon the amended petition. At this time she assumed the position that the probate order of May 8, 1936, was a conclusive adjudication on the questions of residence of the decedent and due notice to heirs (*Holabird* v. *Superior Court*, 101 Cal. App. 49 [281 Pac. 108]); that it was subject to review only upon appeal or by a timely proceeding under section 473 of the Code of Civil Procedure; that as the mother failed to avail herself of either procedure, she was without right to relief in the probate proceeding, and the court was without jurisdiction to entertain the motion which led by stipulation, to entry of the order of May 14, 1937, vacating the probate order. She urged that the fact that the order of May 14th was entered upon stipulation did not give it validity, as jurisdiction could not be conferred by consent. (*Tinn* v. *United States District Attorney*, 148 Cal. 773 [84 Pac. 152, 113 Am. St. Rep. 354].) She claimed, however, that the stipulation precluded any charge of fraud in the procurement of the probate order. At the same time she conceded that if fraud in fact existed, it was extrinsic fraud, relief from which could be had only by an independent action in equity (*Security-First Nat. Bank* v. *Superior Court*, 1 Cal. (2d) 749, 757, 758 [37 Pac. (2d) 69]), and not by application to the probate court.

In answer to these claims the mother asserted that the effect of the stipulation was to establish absence of notice to heirs on the face of the record, thus rendering the probate order of May 8, 1936, void on its face and subject to attack

by the proceeding which led to entry of the vacating order of May 14, 1937. She contended that the latter order was a proper exercise by the probate court of its equitable powers. It was also urged that as the widow had sought and acted upon the stipulation, she should be estopped to deny it. Extrinsic fraud in procurement of the probate order was charged (*Purinton* v. *Dyson*, 8 Cal. (2d) 322 [65 Pac. (2d) 777, 113 A. L. R. 1230]), and it was urged that such fraud entitled the mother to relief upon application to the probate court, without necessarily resorting to an independent action in equity. (*Estate of Seaman*, 51 Cal. App. 409 [196 Pac. 928].)

For the purposes of this opinion, as will hereafter appear, it is unnecessary to detail these respective contentions more fully because the questions will not be disposed of in this proceeding. The probate court, after a full hearing, denied the widow's motion to set aside the order of May 14, 1937, overruled her objections, entertained the amended petition for probate, and on the issue of residence found that the decedent was in fact a resident of Modoc County at the time of his death and left estate therein. Upon these findings, on March 1, 1938, an order was entered decreeing that the San Francisco court was without jurisdiction over the estate of decedent or to admit the will to probate, dismissing the amended petition for probate, and awarding the mother her costs. This application for writ of review followed. Petitioner, the widow, asks that the orders of May 14, 1937, and March 1, 1938, be vacated, and that the San Francisco court be restrained from sending the will to the Superior Court of Modoc County. By demurrer respondent court challenges petitioner's right to such relief in this proceeding.

■ Both of the orders sought to be annulled were appealable orders. (Prob. Code, sec. 1240.) No appeal was taken from the order of May 14, 1937, but an appeal to this court from the order of March 1, 1938, has been noticed.

■ It is the general rule that "where the law allows an appeal from an order or judgment, even when the tribunal making such order or rendering such judgment exceeded its authority in so doing, a writ of review may not be granted. (Code Civ. Proc., sec. 1068; *Hildebrand* v. *Superior Court*, 173 Cal. 86 [159 Pac. 147]; *Olcese* v. *Justice's Court*, 156

Cal 82 [103 Pac. 317] ; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96 Pac. 803].) Many more cases might be cited to the same effect. (See 4 Cal. Jur., Certiorari, sec. 24, p. 1052.) '' (*Casner* v. *Superior Court,* 23 Cal. App. (2d) 730, 732, 733. See, also, *Casner* v. *Daily News Co., ante,* p. 402 [84 Pac. (2d) 1032] ; *Hughson* v. *Superior Court,* 120 Cal. App. 658 [8 Pac. (2d) 227] ; *Helbush* v. *Superior Court,* 99 Cal. App. 501 [278 Pac. 1062] ; *Erickson* v. *Municipal Court,* 219 Cal. 737 [29 Pac. (2d) 192] ; *Stoddard* v. *Superior Court,* 108 Cal. 303 [41 Pac. 278] ; *Christie* v. *Superior Court,* 218 Cal. 423 [23 Pac. (2d) 757].)

The rule has application to both of the orders here in question. So far as the order of March 1, 1938, is concerned its applicability is obvious. But some additional comment should be made with reference to the order of May 14, 1937. Even though the time for appeal from the order may have expired, the rule applies; the fact that the order is appealable is determinative. (*State Board of Equalization* v. *Superior Court,* 9 Cal. (2d) 252 [70 Pac. (2d) 482], and cases there cited.) ■ Furthermore, so long as the order is one of those enumerated in the code as appealable, an appeal may be taken from it, even if it is void. (*Dunsmuir* v. *Coffey,* 148 Cal. 137 [82 Pac. 682] ; *Estate of Dunsmuir,* 149 Cal. 67 [84 Pac. 657] ; *Luckenbach* v. *Krempel,* 188 Cal. 175 [204 Pac. 591] ; 2 Cal. Jur., p. 184, sec. 40.) Thus the order of May 14, 1937, being an appealable order, is not subject to review in this proceeding.

Petitioner cites in support of her claim to relief by *certiorari,* a line of cases headed by *Stanton* v. *Superior Court,* 202 Cal. 478 [261 Pac. 1001]. In each of those cases, however, where an attack on a void order or judgment was sustained in a proceeding for writ of review, the purported order or judgment was of such a nature that it might be denominated a ''hybrid'', which so failed to conform to any rule of procedure that it could not be said to be appealable or that there was any plain, speedy, or adequate remedy at law by appeal. The orders in the present case do not fall within that category. Petitioner has an adequate remedy by her appeal from the order of March 1, 1938. Every issue which she might hope to litigate in this proceeding may be heard upon that appeal. It is true that the validity of the

order of March 1, 1938, appears to depend entirely upon the validity of the order of May 14, 1937. ■ However, since an order void upon its face is a nullity, assailable wherever and whenever it may be produced, and whether the attack upon it be direct or collateral (*Texas Co. v. Bank of America, etc.,* 5 Cal. (2d) 35, 41 [53 Pac. (2d) 127], and cases there cited), the validity of the latter order may be made the subject of inquiry upon appeal from the former. In short, the full scope of relief which petitioner might obtain in this proceeding, may, in so far as she is found to be entitled to it, be accorded her upon the appeal from the order of March first. To review either that order or the order of May 14, 1937, in this proceeding would be to substitute *certiorari* for appeal. This cannot be done.

The writ heretofore issued in this cause is discharged.

Edmonds, J., Curtis, J., Seawell, J., Shenk, J., Houser, J., and Langdon, J., concurred.