[S. F. No. 17092. In Bank. Dec. 30, 1944.]

ROBERT S. HOWARD et al., Petitioners, v. SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

Herbert W. Clark, Morrison, Hohfeld, Foerster, Shuman & Clark and Orville R. Vaughn for Petitioners.

Joseph J. Bullock and Neil S. McCarthy for Petitioners on Motion for Substitution.

J. H. Sapiro, Henry Robinson, George K. Ford and Marcel E. Cerf, Robinson & Leland for Respondents.

GIBSON, C. J.—The attorneys for the executors filed a petition asking for an allowance of $10,000 as ordinary fees and $15,000 as extraordinary fees, but the posted notice and the notice served on counsel for the husband of the testatrix merely referred to a petition for the allowance of $25,000 "on account of their compensation for services rendered," without mentioning whether such compensation was for ordinary or extraordinary services. These notices were given pursuant to an order of court, prepared by the petitioning attorneys, which likewise did not differentiate between the two types of compensation. There was no opposition at the hearing and the probate court granted the fees as prayed.

About two months later, the husband filed a verified "petition" to vacate under section 473 of the Code of Civil Procedure, claiming that when he and his counsel examined the notice served on them they mistakenly believed that the executors' attorneys were seeking merely ordinary fees, that they took no action in reliance on that mistaken belief and that the petition to vacate was filed promptly upon discovering the true facts. With this verified pleading the husband filed his verified objections to the petition for allowance of fees. The probate court issued an order to show cause why the prior order should not be set aside, and subsequently, after a continuance of the hearing, the prior order was vacated. The attorneys for the executors then sought a writ of certiorari on behalf of the executors, the estate, and themselves, to annul the vacating order on the ground that such order was in excess of the court's jurisdiction because the petition to vacate did not show sufficient grounds of inadvertence, surprise, mistake or excusable neglect.

The extraordinary remedies of mandamus, prohibition and certiorari are permitted in some states as a substitute for a writ of error in reviewing interlocutory or intermediate orders

and decrees where irreparable injury would result from requiring a party to wait and appeal from a subsequent final order or judgment. (See Crick, *The Final Judgment Rule,* 41 YaleL.J. 539, 553, 557.) ▆ However, in this state, the writ of certiorari will issue only when an inferior tribunal "has exceeded [its] jurisdiction . . . and there is no appeal, nor . . . any plain, speedy, and adequate remedy." (Code Civ. Proc., § 1068; *Redlands High School Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490] ; *Kupfer* v. *Brawner,* 19 Cal.2d 562 [122 P.2d 268].) This writ cannot be used as a writ of error, whether or not an appeal is possible. (*Cook* v. *Civil Service Com.,* 160 Cal. 589 [117 P. 663] ; *Estate of Paulsen,* 179 Cal. 528 [178 P. 143] ; *Estrin* v. *Superior Court,* 14 Cal.2d 670 [96 P.2d 340] ; *Ivory* v. *Superior Court,* 12 Cal. 2d 455 [85 P.2d 894].) ▆ The order under section 473 of the Code of Civil Procedure vacating the allowance of fees, having been made in probate, was not appealable (Prob. Code, § 1240; *Lilienkamp* v. *Superior Court,* 14 Cal.2d 293 [93 P.2d 1008] ; *Estate of Grussing,* 15 Cal.App.2d 11 [59 P.2d 152]) but the matter will be reviewable upon an appeal from a subsequent order granting or denying attorneys' fees. (*Lilienkamp* v. *Superior Court, supra.*)

▆ In *Bank of America* v. *Superior Court,* 20 Cal.2d 697 [128 P.2d 357], it was held that an order permitting an amendment to the complaint was not reviewable on certiorari because (1) the court had jurisdiction to make the order, and (2) the order was reviewable on appeal from the final judgment. In that case the petitioners had an adequate remedy by appeal from the final judgment, and we said that "Certiorari will not lie if the effect of the order sought to be annulled can be reviewed and nullified on an appeal from the final judgment, even though the order itself is not appealable." Of course, the language must be read in relation to the particular facts there involved, and there may be situations in which an appeal from a subsequent order or from the final judgment may not be an adequate remedy, but the facts in this case are within the holding in the Bank of America case. The vacating order does not amount to a final determination but merely reopens the matter for further consideration to the end that there may be a proper decision on the merits after a full examination of the facts, and the opportunity for review on a subsequent appeal affords an adequate

remedy. Hence petitioners are not entitled to have the order reviewed herein.

■ Certiorari likewise will not issue unless there is a lack or an excess of jurisdiction; and in this case the probate court unquestionably had jurisdiction of the res and of the parties. There is no question of the service of notice, either as to the original petition or as to the motion under section 473, although it is claimed that the notice of the original petition was defective and misleading.

■ The motion to vacate was made on the grounds that the order allowing fees was made without proper notice and that it was taken by reason of mistake, inadvertence, surprise and excusable neglect on the part of the husband and his counsel. In the absence of a formal written order, it will be presumed that the probate court in granting the motion found (1) that the notice of application for an allowance to the executors' attorneys of $25,000 "on account of their compensation for services rendered" was defective, or at least misleading; (2) that the husband and his counsel were in fact misled by the notice and believed that it related solely to ordinary fees; (3) that such belief was the result of mistake, inadvertence, surprise or excusable neglect; and (4) that the husband was entitled to relief from his default. If the showing made warranted such findings, the probate court had jurisdiction to grant relief under section 473, and we cannot decide in this proceeding whether or not there was any error in so doing.

■ The petitioners' claims as to lack of a sufficient affidavit of merits, inadequacy of the showing of mistake, etc., and insufficiency of the proposed objections to the allowance of fees, do not affect the jurisdiction of the court to act on the petition, but merely indicate the possibility of error in the exercise of that jurisdiction. The motion was made upon statutory grounds and, assuming that the trial court should have decided that the mistaken belief of the husband and his counsel was due to their negligent failure to ascertain the facts with reference thereto, the error can be reviewed only on appeal.

The argument of petitioners that the court abused its discretion and therefore exceeded its jurisdiction is equivalent to saying that in every case in which a court errs in the exercise of discretion under section 473 it is acting in excess of its

jurisdiction, for there is no error unless the court abuses its discretion. This argument is obviously unsound.

The petitioners, in claiming that the court acted in excess of its jurisdiction, rely on such cases as *Lankton* v. *Superior Court,* 5 Cal.2d 694 [55 P.2d 1170] ; *Treat* v. *Superior Court,* 7 Cal.2d 636 [62 P.2d 147] ; and *Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449]. The decisions in these cases may be clearly distinguished (as pointed out in *Shrimpton* v. *Superior Court,* 22 Cal.2d 562, 565 [139 P.2d 889]) on the ground that each one involved an order of the trial court which was *not* made in pursuance of any of the prescribed methods of procedure as defined by the Code of Civil Procedure. For instance, in the Lankton case the court's proposed modification of its judgment was in excess of its jurisdiction where such action was not based on any ground specified in section 473, but on the ground that a judicial error had been made, and where the time for a motion for a new trial had elapsed and the modification could not be made pursuant to section 662. Similarly, in the Treat case the findings and judgment were vacated on the ground that there had been a failure to comply with the directory provision of section 634 that a copy of the proposed findings and judgment be served on the opposing party. However, this was not a ground for such vacation, and there was no attempt to base the order on the provisions of sections 473 or 662. Hence it should be clear that the factual situation of these cases is entirely different from a case where the court is asked to act on proper grounds and does so act, and the claimed error is that the court abused its discretion in finding that there was a mistake or excusable neglect, etc., warranting relief under section 473. ■ In other words, if the court sets aside its final order on a ground not authorized or recognized by the statute, it may be acting in excess of its jurisdiction, but if it does so on a ground authorized by the statute, the possible insufficiency of the evidence to support its action does not go to its jurisdiction, but is a basis for review on appeal. So long as there is some showing in support of the trial court's action, the quantum of proof cannot be considered or weighed on certiorari.

Since it cannot be said that the probate court lacked jurisdiction under section 473 to set aside the allowance of fees, and inasmuch as that order may be reviewed on a subsequent appeal it may not be annulled on certiorari.

It appears that the respondent court, in vacating the order allowing fees, relied in part upon an asserted stipulation that such order might be set aside and the matters of fees reexamined. The petitioning attorneys deny that any such stipulation was intended. It is unnecessary for us to determine the effect of the statements of counsel understood by the court to constitute such stipulation, since we have decided that the order may not be reviewed in this proceeding.

The motion for the substitution of Neil S. McCarthy and Joseph J. Bullock as attorneys for Robert S. Howard and Lindsay S. Howard as executors is granted without prejudice to rights of the petitioning attorneys in connection with the presentation of their claims for fees.

The proceeding in certiorari is dismissed.

Shenk, J., Curtis, J., Traynor, J., and Schauer, J., concurred.

Edmonds, J., did not participate therein.

CARTER, J.—I dissent. In this case it is undisputed that counsel for the executors filed a petition in the estate proceedings for the allowance of attorney's fees; that notice of the hearing on that petition was given in all respects as required by law; that thereafter the matter was heard legally and properly; no opposition was offered to the petition for the order fixing the fees. After the order allowing the fees was made the court vacated the order purporting to act pursuant to section 473 of the Code of Civil Procedure. There was no basis whatsoever for its action. The *sole* excuse offered by one of the heirs for failing to oppose the petition for fees and for relief under section 473 was that he failed to take cognizance of the petition and notice. There was no fraud, trickery, deceit or mistake. There was nothing but pure and simple neglect to oppose the petition. There is no excuse for that neglect. A court is authorized to vacate an order or judgment only when it is taken against a party because of "his mistake, inadvertence, surprise or excusable neglect." (Code Civ. Proc., § 473.) Hence, the case falls squarely within the rule that a court has no power to make an order affecting an order or judgment theretofore made unless there is a ground therefor fixed by statute or some rule of law. There must have existed one of the conditions mentioned in section 473 before the court had *authority* to act. It necessarily follows that the court acted in

excess of its jurisdiction and that being true the order of vacation should be annulled on certiorari.

Although the majority opinion seeks to distinguish the numerous authorities which hold that an order vacating a former order will be annulled on certiorari where there existed no grounds for its action, the case is closely analogous to *Treat* v. *Superior Court,* 7 Cal.2d 636 [62 P.2d 147], where the trial court purported to set aside its findings upon a motion for a new trial where there were no ascertainable grounds for doing so. This court annulled the order on *certiorari* on the ground that the court *exceeded its jurisdiction.* The court stated at page 638:

"Petitioner argues that the trial court in granting said motion to vacate and set aside the findings and judgment in said actions acted without and in *excess of its jurisdiction* and, therefore, the minute order just quoted is void and *may be vacated and annulled on certiorari. There is no question that if the trial court had not the power to vacate and set aside its original findings and judgment, the order purporting to do so may be annulled on certiorari.* (*Stanton* v. *Superior Court,* 202 Cal. 478 [261 P. 1001]; see, also, *Lankton* v. *Superior Court,* 5 Cal.2d 694 [55 P.2d 1170].) In *Stanton* v. *Superior Court, supra,* the court said: '*To require review to be by appeal of every unauthorized order or judgment attacking the proceedings by which the regular judgment was given and made would necessarily embarrass, if not destroy, the efficiency of our whole legal system.*'

"The sole question, therefore, presented is whether or not the minute order complained of, as made and entered, was beyond the power of the trial court to make. . . . . And *nowhere in the statutes is the failure of a party to serve the opposite party with a copy of the proposed findings of fact and conclusions of law specified as a ground for setting aside or vacating a judgment.*

"There are two possible sources of authority for making the order upon which the trial court could have relied. One such source is the express statutory authority conferred upon the court by the provisions of section 662 of the Code of Civil Procedure, which is to be exercised in conjunction with, and as a part of, the court's duty to rule upon a motion for a new trial. . . . The other source of authority, which might have been relied upon by the trial court as a basis for the order of

annulment, is the inherent power of the court, independent of statutory provisions, to correct mistakes in its proceedings and to annul within a reasonable time orders and judgments prematurely, inadvertently, or improvidently made by the court. . . .

"It follows that if the trial court had in fact proceeded under the power conferred by said section 662 of the Code of Civil Procedure in the making of the order complained of, the making of such order would have been within the power of the court, and such order could not be successfully attacked. . . . Or if the order granting the motion to set aside and vacate the original findings of fact and conclusions of law and judgment had been based upon the fact that said findings of fact and conclusion of law and judgment had been signed prematurely or improvidently, or under the mistaken belief of the trial judge that they had been served on the opposite party, said order would have been within the power of the trial court to make and would be sustained as a proper and valid order."

In *Whitley* v. *Superior Court*, 18 Cal.2d 75 [113 P.2d 449], this court held that the trial court acted in excess of its jurisdiction in granting a new trial on insufficiency of the evidence where it failed to specify that as the ground. It was said at page 82:

"Finally, as an objection to a determination of the validity of these *nunc pro tunc* orders, respondent urges the point that a writ of review is not a proper proceeding in this case, *as petitioner has her remedy by appeal.* Respondent here calls attention to the general rule that *ceritorari* may not be used as a substitute for appeal (4 Cal.Jur. 1052). But *it is likewise well recognized that an order which is not provided for in our procedure is not an appealable order within the meaning of section 1068, Code of Civil Procedure, and an application for a writ of review is the proper remedy.* (*Treat* v. *Superior Court,* 7 Cal.2d 636 [62 P.2d 147] ; *Stanton* v. *Superior Court,* 202 Cal. 478 [261 P. 1001] ; *Diamond* v. *Superior Court,* 189 Cal. 732 [210 P. 36] ; *Quevedo* v. *Superior Court,* 131 Cal.App. 698 [21 P.2d 998] ; *Holquin* v. *Allison,* 97 Cal.App. 126 [274 P. 1037].) When a statute prescribes a definite procedure and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction and *certiorari* will lie to correct such excess. (*Rodman* v. *Superior Court,* 13 Cal.2d 262 [89 P.2d 109].)" (See to the same effect *Estate of Paulsen,* 35 Cal.

App. 654 [170 P. 855]; *Stanton* v. *Superior Court,* 202 Cal. 478 [261 P. 1001]; *Diamond* v. *Superior Court,* 189 Cal. 732 [210 P. 36]; *Bottoms* v. *Superior Court,* 82 Cal.App. 764 [256 P. 422]; *Younger* v. *Superior Court,* 136 Cal. 682 [69 P. 485]; *Security-First Nat. Bank* v. *Superior Court,* 1 Cal.2d 749 [37 P.2d 69]; *Fortenbury* v. *Superior Court,* 16 Cal.2d 405 [106 P.2d 411]; *Hill* v. *Superior Court,* 16 Cal.2d 527 [106 P.2d 876]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; *Golden State Glass Corp.* v. *Superior Court,* 13 Cal.2d 384 [90 P.2d 75]; *Evans* v. *Superior Court,* 14 Cal.2d 563 [96 P.2d 107].)

The majority opinion also concludes that certiorari is not an available remedy because there is an appeal. It arrives at that conclusion by reasoning that although there is no appeal from the order vacating the order allowing fees, the matter is now set at large and an appeal will lie from the ultimate order denying fees if one is made. *That reasoning is wholly contrary to the cases above cited on the subject of jurisdiction.* Not only is no effort made to distinguish them with reference to the non-existence of a right to appeal as a prerequisite to certiorari, but they are not even mentioned. For illustration in both the Whitley and Treat cases there can be no doubt that even if there was no ground to grant a new trial there would be an appeal from the judgment entered after the new trial was had. Yet that problem is discussed and disposed of in the above quotation from the Whitley case, decided by this court on May 28, 1941. The cases furnish many illustrations of situations in which certiorari is permitted although there would be an appeal from any subsequent judgment entered following the proceedings ensuing as the result of the order attacked. For example the following instances have been held appropriate situations for the use of certiorari: Where a court enters another and different judgment after final judgment (*Barry* v. *Superior Court,* 91 Cal. 486 [27 P. 763]); an order vacating a judgment, which is void on its face, because the order is made more than 6 months after entry (*Tinn* v. *United States District Attorney,* 148 Cal. 773 [84 P. 152, 113 Am.St. Rep. 354]; *Moore* v. *Superior Court,* 86 Cal. 495 [25 P. 22]; *Dean* v. *Superior Court,* 63 Cal. 473); an order vacating an order settling a final account (*Security-First Nat. Bank* v. *Superior Court,* 1. Cal.2d 749 [37 P.2d 69]).

The majority opinion relies upon *Shrimpton* v. *Superior*

*Court,* 22 Cal.2d 562 [139 P.2d 889], but that case approves the cases heretofore cited and points out that the *very order which was under attack by certiorari was itself an appealable order.* That is obviously not true in the instant case as is conceded by the majority opinion. It will be noted that in the concurring opinion in the Shrimpton case, signed by the author of the majority opinion in this case, the express basis for not allowing certiorari was that *the order under attack was appealable.*

In my opinion the contention of respondents that counsel for petitioners stipulated that the order might be vacated is without merit, as it seems clear to me that the colloquy between the court and counsel at the hearing of the motion is not susceptible to such interpretation.

In my opinion the writ should issue annulling the order complained of.