[S. F. No. 13372.   In Bank.—June 20, 1929.]

WILLIAM P. MURRAY et al., Petitioners, v. SUPERIOR COURT OF MARIN COUNTY et al., Respondents.

The facts are stated in the opinion of the court.

Thomas P. Boyd and Knight, Boland & Christin for Petitioners.

Thomas, Beedy, Presley & Paramore for Respondents.

SHENK, J.—This is an application for a writ of *mandamus* to compel the respondent court to proceed with the trial of a contest, before probate, of the will of Robert P. Rathbun, deceased. The will, together with a petition for the probate thereof in the county of Marin, was filed on April 24, 1928. All of the estate of the testator was left to his mother, Emelie Chapman Ashe, with the exception of that portion bequeathed to specifically named legatees, and those coming within the class mentioned in the following provision of the will: "My personal property is to be divided share

and share alike among the children of my mothers sisters and brothers . . . This upon my mothers death.''

The petition for the probate of the will set forth the names and addresses of the heirs and legatees of the decedent and stated that the individuals therein named were of lawful age, all in compliance with the requirements of section 1300 of the Code of Civil Procedure, which provides that the petition for the probate of the will must, among other things, show: ''3. The names, ages, and residences of the heirs, legatees, and devisees of the decedent, so far as known to the petitioner.'' Notice of the time set for the hearing of the petition was duly published. Copies of this ''notice'' were mailed to each of the heirs and to the legatees of the testator specifically named in the will and in the petition at the addresses therein shown. The decedent's surviving widow, Jane Williams Rathbun, one of the legatees specifically named, instituted a contest of the will on numerous grounds. The contest came on for hearing on February 4, 1929, before the respondent judge sitting with a jury. On the second day of the trial the contestant moved the court for an order denying probate on the ground that it did not appear from the affidavit of mailing that notice of the time and place of hearing the petition for the probate of the will had been mailed to the ''children'' of the decedent's ''mother's sisters and brothers'' named as a class in the will, and who, it appears, are twenty-one in number. The court concluded that sufficient notice had not been given, discharged the jury, and refused to proceed further with the hearing of the contest, on the ground of lack of jurisdiction so to do. Whereupon the present proceeding was instituted.

As a return to the alternative writ the respondent judge filed a general and special demurrer to the petition and likewise an answer. It may fairly be said that the issues joined or tendered by both pleadings present questions of law only.

The parties have centered their argument on the proper construction of section 1304 of the Code of Civil Procedure, which, so far as pertinent, provides: ''Copies of the notice of the time appointed for the probate of the will must be addressed to the heirs of the testator and the devisees and legatees named in the will at their places of residence, if

known to the petitioner. . . . If their places of residence be not known, the copies of the notice may be addressed to them, and deposited in the post office at the county seat of the county where the proceedings are pending. . . .'' The petitioners urge that the court had jurisdiction to proceed with the contest for the reason that there was on file an affidavit showing that notice had been mailed to all persons specifically named in the will. It is especially stressed that if the *names* of the legatees be not shown on the face of the will, notice need not be mailed to them. The respondents insist that when the will designates as legatees the nephews and nieces of the decedent's mother as a class they are *named* in the will and must each have the statutory notice by mail in order that the court acquire jurisdiction to hear the petition for probate. It is conceded that no notice of the hearing of the application for the probate of the will was mailed to the nephews and nieces of the decedent's mother. ■ The question is squarely presented: Under section 1304 of the Code of Civil Procedure, is it necessary to serve legatees not specifically named in the will but designated therein as a class with copies of the notice of the application for the probate of the will in order that the court have jurisdiction to proceed with a contest of the will before probate?

This question must be answered in the negative. ■ The code section provides that copies of the notice must be ''addressed'' to the legatees ''named'' in the will. This requirement plainly means that the persons, either natural or artificial, whose names appear on the face of the will as legatees, must be notified by mail if their names appear in such manner that they may be addressed by the name so appearing with reasonable assurance that an envelope so addressed would reach the addressee in due course of mail. In a broad sense it may be said that the ''children of my mother's sisters and brothers'' are named in the will as legatees, but a communication addressed to them under that designation and deposited in the postoffice at the county seat of the county wherein the proceedings are pending would be entirely futile as affording any notice. It may be assumed that before distribution it will be necessary for the court, on proper evidence, to ascertain who the nephews and nieces of the decedent's mother are by name, but when

evidence as to the identity of said persons is necessary the assertion that they are named in the will would seem to be negatived. ▉ It may also be assumed that it was the duty of the petitioners to set forth in the petition for the probate of the will the specific names and addresses of the legatees included within the class mentioned if such names and addresses were known to the petitioners, but a failure to perform that duty, if it existed, did not deprive the court of jurisdiction to try the contest. Indeed, it was said in *Nicholson* v. *Leatham,* 28 Cal. App. 597 [153 Pac. 965, 155 Pac. 98], that the omission from the petition of a statement of the names, ages and residences of the heirs, legatees and devisees of the decedent, even if known to the petitioner, could not operate to deprive the court of jurisdiction, and that when the petition is silent as to the names and residences of the heirs they must be deemed by the clerk to be unknown to the petitioner and he is not required to mail copies of the published notice. ▉ The probate of the will and the administration of the estate is in the nature of a proceeding *in rem.* (*King* v. *Chase,* 129 Cal. 420, 425 [115 Pac. 207]; 11 Cal. Jur., p. 236.) The power to proceed therewith attaches upon the production of the will and the filing of the petition pursuant to section 1300 of the Code of Civil Procedure and the publication of the notice provided for in section 1303 of that code. (*Nicholson* v. *Leatham, supra.*) If upon the hearing of the application to admit the will to probate the proof of mailing the notices required by said section 1304 be insufficient the court would have the power to continue the hearing until sufficient proof of mailing be produced. (*Curtis* v. *Underwood,* 101 Cal. 661, 669 [36 Pac. 110].) It has been held that upon the institution of the contest before probate the offer to prove the will is arrested, and the probate thereof cannot be decreed until the contest is determined. (*Estate of Gregory,* 133 Cal. 131 [65 Pac. 315]; 26 Cal. Jur., p. 1078.) ▉ However, in *Estate of Black,* 199 Cal. 257, at page 261 [248 Pac. 1015, 1016], it was said "that the order of procedure upon the hearing of the petition for probate and the trial of the contest of the will is within the discretion of the trial court. Some of the cases cited hold that the better practice is to withhold the hearing of the petition for probate until after the trial of the contest of the will, in which event, as above

indicated, the court need only hear evidence on all the points required by the statute for the validity of a will which were not raised by the contest. . . . Other cases hold that the better practice is to require the proponents of a will to establish a *prima facie* case preliminarily to the hearing of the contest. . . . Other of the cases simply hold that it is a matter entirely within the discretion of the trial court.'' But discretion to disturb the order of proof may not be confused with or interrupt jurisdiction to proceed in the exercise of such discretion.

On the contest of a will the contestant is the plaintiff and the petitioner for the probate thereof is the defendant. But only those who desire to oppose the contest become parties litigant in such opposition. (Sec. 1312, Code Civ. Proc.; *Estate of Relph,* 192 Cal. 451 [221 Pac. 361]; 26 Cal. Jur., p. 1078.) In the contest before the respondent court involved in the present proceeding, the petitioners for the probate of the will are resisting the contest. The subject matter of the controversy and the proper parties are before the court and no satisfactory reason appears to sustain the position of the respondents. The peremptory writ should therefore issue.

It is so ordered.

Richards, J., Curtis, J., Langdon, J., Preston, J., Seawell, J., and Waste, C. J., concurred.