[Civ. No. 11226. First Appellate District, Division One.—January 30, 1940.]

In the Matter of the Estate of JOHN IVORY, Deceased. EMMA G. IVORY, Appellant, v. ELIZABETH C. CALLAGHAN, Executrix, etc., Respondent.

Morrison, Hohfeld, Foerster, Shuman & Clark for Appellant.

Walker Pedicord for Respondent.

PETERS, P. J.—Appellant, Emma G. Ivory, appeals from an order of the Superior Court in San Francisco dismissing her amended petition for the probate of the will of John Ivory, and also appeals from certain specified parts of said order. By stipulation both appeals are to be heard on one transcript.

The order dismissing the amended petition for probate is based on the finding that the decedent was not a resident of San Francisco at the time of his death, but was in fact a resident of the county of Modoc, and for that reason, it was held, the San Francisco probate court has no jurisdiction. Appellant does not challenge the sufficiency of the evidence to support that finding, but seeks a reversal of the order by collaterally attacking a prior order of the court, which it-

self was an appealable order, but which has long since become final, the ground of attack being that the prior order was void on its face, and, that because of that fact, the court had no jurisdiction to enter the order appealed from.

The facts giving rise to this controversy have been fully set forth in an opinion by the Supreme Court denying appellant's application to review the order here appealed from, and the prior order upon which it depends, on the ground that appeal was the proper remedy. (*Ivory* v. *Superior Court*, 12 Cal. (2d) 455 [85 Pac. (2d) 894].) So far as relevant here, the following summary sufficiently discloses the problems presented:

*April 10, 1936.* John Ivory died, leaving surviving him as his heirs at law, Emma G. Ivory, his wife, appellant herein, and his mother, Mary E. Ivory. By will, the decedent left his entire estate to his wife and appointed her executrix. The appellant petitioned in San Francisco for probate of the will averring that decedent was a resident of that city and that she was his sole surviving heir. Notice of hearing was published and a copy mailed to appellant. The record shows that appellant knew of the existence of the decedent's mother, and knew where she was then residing in Modoc County. Section 328 of the Probate Code provides in part: "At least ten days before the hearing, copies of the notice must be personally served upon the heirs of the testator . . . or mailed, postage prepaid, from a postoffice within this state, addressed to them at their respective places of residence, if known to the petitioner . . . ". The mother, obviously, would have been an heir of the decedent had he died intestate and left any separate property. As such she was admittedly entitled to notice. The record shows that not only did the wife fail to mention the mother in the petition or to give her notice, although known to her, but also that on April 23, 1936 (the day before the petition for probate of the will was filed in San Francisco), the appellant filed, in Modoc County, a petition to terminate a joint tenancy between her and the decedent. Under former section 1723 of the Code of Civil Procedure such petition must be filed in the county of the residence of the decedent. Respondent contends the petition to terminate was filed

in Modoc County to mislead the mother and to lull her into a sense of security.

*May 8, 1936.* The will was admitted to probate in San Francisco and appellant appointed executrix. The order admitting the will to probate is based on the finding that decedent was a resident of San Francisco at the time of his death, and recites that notice of the proceeding "had been given according to law". No appeal was ever taken from this order, nor was application made under section 473 of the Code of Civil Procedure to set it aside.

*July 21, 1936.* Respondent was appointed guardian of the estate and person of Mary E. Ivory, mother of decedent. Subsequently, the mother died and respondent was appointed executrix of her estate.

*May 1, 1937.* Respondent, as guardian of the mother of decedent, filed a notice of motion to set aside the order admitting the will to probate (order of May 8, 1936) on the grounds, first, that the probate court in San Francisco had no jurisdiction to enter the order because decedent, at the time of his death, was in fact a resident of Modoc County; and, secondly, that the order had been secured as the result of extrinsic fraud practiced on the court and on petitioner by appellant, in that appellant, by her actions, had deliberately attempted to keep the mother in ignorance of the probate of the estate. It was also alleged that the entire estate of decedent, with the exception of some livestock, was the separate property of decedent, and that the mother, by such fraud, was prevented from contesting the probate of the will which she desires to do. This motion was never acted upon.

*May 14, 1937.* Appellant and respondent, through their then respective counsel, filed a stipulation to set aside the order of May 8, 1936, admitting the will to probate "on the sole ground that Mary E. Ivory was not named as an heir of John Ivory . . . and that no notice of hearing the Petition to have the Will proved . . . was either personally served on Mary E. Ivory or mailed to Mary E. Ivory, as required by Section 328 of the Probate Code . . . ". This stipulation reserved the right of appellant to file an amended petition for probate of the will.

Pursuant to this stipulation, the court, on the same date, made its order setting aside the order of May 8, 1936, admitting the will to probate. No appeal was taken from this order, nor was relief sought within the period prescribed by section 473 of the Code of Civil Procedure. The order has long since become final. It is this order that appellant seeks to collaterally attack in this proceeding. Pursuant to the stipulation, appellant filed an amended petition for probate of the will in San Francisco. In this petition the mother was named as an heir and she was properly served. Respondent, as guardian, contested the probate on the ground that decedent was in fact a resident of Modoc County at the time of his death, and that appellant had so represented to the Modoc court in the proceeding to terminate the joint tenancy. After issue joined, the court, after hearing, stated its opinion to be that the evidence demonstrated that decedent was not a resident of San Francisco at the time of his death, but was in fact a resident of Modoc County. In due course, respondent presented to the court proposed findings of fact and conclusions of law and served opposing counsel therewith. At this point appellant changed attorneys. Her present counsel were not parties to the above stipulation. Her new counsel thereupon moved to set aside the order of May 14, 1937, and objected to any further action upon the amended petition, on the ground that the order of May 14, 1937, was void on its face and beyond the power of the court to make.

*March 1, 1938.* The court overruled the objections of appellant and entered its order dismissing the amended petition for the probate of the will on the ground it lacked jurisdiction of the proceeding because of lack of residence of the decedent. It is from this order, and certain specified parts thereof, that these appeals have been taken.

As already indicated, appellant sought by *certiorari* to have the orders of March 1, 1938, and May 14, 1937, reviewed. The Supreme Court held that, inasmuch as both orders were appealable, *certiorari* would not lie. The opinion points out that the order of March 1, 1938, apparently is dependent on the validity of the order of May 14, 1937, and, if the 1937

order is void on its face, that fact can be ascertained on appeal from the 1938 order.

It is appellant's theory that the order of May 14, 1937, is void on its face; that after a will has been admitted to probate by order from which no appeal has been taken, and more than six months from entry has elapsed, the superior court, sitting in probate, has no jurisdiction either on motion, or by stipulation of the parties, or in the exercise of its equitable powers, to set aside its order admitting the will to probate; that the order of May 8, 1936, admitting the will to probate was a conclusive adjudication of the questions of residence of the decedent and that notice had been properly given to all the heirs; that the sole methods of review of such order were by appeal, motion under section 473 of the Code of Civil Procedure, or by direct action in equity; that the respondent, not having availed herself of any of these remedies, was without right to relief in the probate proceeding; that the court was without jurisdiction to entertain the motion or to enforce the stipulation that led to the entry of the order of May 14, 1937, vacating the order admitting the will to probate.

On behalf of respondent it is urged that the effect of the stipulation was to establish absence of notice to the heirs on the face of the record; that this renders the order of May 8, 1936, void on its face; that the entry of the order of May 14, 1937, was therefore within the power of the probate court; further, that the making of that order was a proper exercise by the probate court of its equitable powers; that appellant participated in the preparation and securing the entry of the order of May 14, 1937, acted upon it, and is now estopped to attack it; that the appellant was guilty of extrinsic fraud in securing the order of May 8, 1936; that respondent may secure relief from such fraud from the probate court without resorting to an independent action in equity.

In interpreting the stipulation voluntarily entered into by the parties hereto, and in determining its legal effect, and the legal effect of the order of May 14, 1937, it must be kept in mind that appellant did not appeal from that order, nor move under section 473 of the Code of Civil Procedure for relief. Appellant is now appealing from the order of March 1, 1938, and on this appeal seeks to collaterally attack the order of May 14, 1937. It is true that such attack

is permissible if that order is void on its face, but it is equally true that all presumptions and inferences are in favor of the validity of that order and of the order here appealed from.

By the stipulation the appellant admitted, in effect, that, in securing the order of May 8, 1936, she had been guilty of extrinsic fraud. By that stipulation she admitted that the mother was an heir, entitled to notice under section 328 of the Probate Code; that she knew the mother was an heir, and knew the address of the mother, but nevertheless attempted to, and did, in effect, mislead the court by alleging in her petition for probate that she was the sole heir. It would indeed be an inequitable doctrine to hold that where, in a probate proceeding, extrinsic fraud has been practiced by a petitioner on the court and on an heir, and where that probate proceeding is still pending before the court, and where the petitioner voluntarily admits the facts demonstrating the fraud, and enters into a stipulation in an attempt to rectify that fraud, and then takes advantage of one of the provisions of that stipulation by invoking the jurisdiction of the court by filing an amended petition for probate, and then, when it becomes apparent to her that she is about to lose that proceeding, she could then have a change of heart and successfully contend that the probate court was entirely powerless to rectify the fraud practiced upon it. Fortunately, the law is not so impotent that it cannot prevent such an unfair and inequitable result.

■ It is true that at the time the order of May 8, 1936, was made it was not void on its face. The court had jurisdiction to enter the order even though the mother was not named as an heir and was not given notice. (*Nicholson* v. *Leatham*, 28 Cal. App. 597 [153 Pac. 965, 155 Pac. 98]; *Murray* v. *Superior Court*, 207 Cal. 381 [278 Pac. 1033]; *Security-First Nat. Bk.* v. *Superior Court*, 1 Cal. (2d) 749 [37 Pac. (2d) 69].) This order, under these cases, was not subject to collateral attack. It is also true that the court having found on the issue of residence, the finding is a conclusive determination of the place of residence of the decedent and is binding unless vacated or set aside on direct attack. (*In re Griffith*, 84 Cal. 107 [23 Pac. 528, 24 Pac. 381]; *Holabird* v. *Superior Court*, 101 Cal. App. 49 [281 Pac. 108].) ■ It is also apparently true that

in a contested proceeding the probate court has no general equity power to vacate its prior orders that have become final on the ground that such orders were secured by extrinsic fraud. (*Security-First Nat. Bk.* v. *Superior Court, supra.*) These cases establish the rule that the probate court probably would not have had jurisdiction to vacate the order of May 8, 1936, had such jurisdiction been entirely dependent on the motion filed by respondent. Such order, having been secured by extrinsic fraud, however, can be attacked in an independent action in equity. (*Purinton* v. *Dyson,* 8 Cal. (2d) 322 [65 Pac. (2d) 777, 113 A. L. R. 1230].) But the order of May 14, 1937, was not based on a jurisdiction invoked by the motion of May 1, 1937, but upon a stipulation in which all interested parties participated. This serves to distinguish all the cases cited by appellant.

The three cases above-cited, which hold that an order secured by extrinsic fraud in failing to notify a known heir cannot be set aside by the probate court after it becomes final, are basically predicated on the theory that the order admitting the will to probate, on its face, shows jurisdiction in the court. The error does not appear on the face of the judgment roll. This clearly appears in *Murray* v. *Superior Court,* 207 Cal. 381, at page 385 [278 Pac. 1033], where the court stated that the "omission from the petition of a statement of the names, ages and residences of the heirs, legatees and devisees of the decedent, even if known to the petitioner, could not operate to deprive the court of jurisdiction, and that when the petition is silent as to the names and residences of the heirs they must be deemed by the clerk to be unknown to the petitioner and he is not required to mail copies of the published notice". This language is quoted with approval in *Security-First Nat. Bk.* v. *Superior Court, supra.* But that is not the situation here. In the present case, when the order of May 8, 1936, was entered it showed on its face that the probate court had jurisdiction. Subsequently, by stipulation, the parties agreed that the recitals in the order were false and had been secured by the extrinsic fraud of appellant. The legal effect of such stipulation was to add to the judgment roll of that order the true facts. As so corrected, the legal situation is the same as if the order of May 8, 1936, when entered disclosed that there was a known heir whose address was known, and that such heir had not been notified. By reason of the stipulation, the

order of May 8, 1936, must be read as if it named the wife and mother as known heirs, and as if it recited that the mother had intentionally not been notified. If the order had so recited it would clearly be void on its face, and the probate court at any time, at least up to the time of the closing of the estate, would have power to set it aside.

That this was the legal effect of the stipulation is well-settled in this state. One of the leading cases is *Hill* v. *City Cab etc. Co.,* 79 Cal. 188 [21 Pac. 728]. This was a suit on a judgment which had become final. The defendant sought to collaterally attack the judgment on the ground he had not been served. This fact the plaintiff conceded to be true. The lack of service, however, did not appear on the face of the judgment. The court, after pointing out the rule that a judgment cannot be collaterally attacked unless it is void on its face, held that the admission by the plaintiff corrected the judgment so as to make it appear therefrom that the judgment was void on its face. In so holding the court stated (p. 191):

"But this rule is not that a judgment which is void will be enforced as if it were valid, but that it cannot be shown to be void except in certain ways. If the party, however, *should admit the facts which show the judgment to be void,* or if he should allow them to be established without opposition, *then, as a question of law upon such facts, we do not see why the case is not like that where a judgment is void upon its face."* (Italics ours.)

In *People* v. *Harrison,* 107 Cal. 541 [40 Pac. 956], a similar point was presented. After quoting from the Hill case, *supra,* the court stated (p. 546):

"The foregoing quotation is taken from an action brought upon a domestic judgment of a court of general jurisdiction, in which action defendant set up that he had not been served with summons in the original action, and that therefore the judgment was void for that reason. The court found his claims to be true, and that no service was ever made upon him, and, upon appeal, the case was decided upon the law as above declared. *In its decision the court assumes that evidence to impeach the judgment by showing a want of service of summons would not be admissible, but declares, in effect, that if the parties stipulate that there was no service,* or the evidence is admitted at the trial to that effect, without objection, *it is then established that the judgment*

*is void, and that, whenever such fact is brought to the attention of the court, it is the duty of the court to so declare.* A judgment-roll is received as evidence in an attack upon the validity of a judgment, because it imports absolute verity; yet it is no more conclusive as to the fact of service or nonservice of summons than the stipulation of both parties to the litigation to that effect, or the admission of evidence to that point upon the offer of one party and without objection by the other.'' (Italics ours.)

The same problem was presented in *Lake* v. *Bonynge,* 161 Cal. 120, where the court stated (p. 133) [118 Pac. 535]:

''We may assume, purely for the purposes of this decision, that, while a party relying on a judgment which is valid on its face may successfully resist any attack upon it which is collateral and not direct, *still where the attack might be resisted as collateral, if he admits facts which show that a service of summons, constructive or personal, was not made on the defendant to the judgment and allows evidence to be introduced without objection showing this fact, as it is then established that the judgment is void, it is the duty of the court to so declare.''* (Italics ours.)

These cases establish the rule that, although a judgment cannot be collaterally attacked because of lack of service, if that fact is stipulated to, the judgment must be read as if that fact appeared on the face of the judgment. In such event the judgment is then void on its face. This distinguishes the above three cases from *Security-First Nat. Bk.* v. *Superior Court,* 1 Cal. (2d) 749 [37 Pac. (2d) 69]. In that case the court recognized the rule of the above cases but held that such rule was not applicable to the facts there presented because the party relying on the order there involved did not admit or stipulate that service was required and omitted. As stated on page 757: ''Such an admission is not revealed by the record on this proceeding. In fact the record is to the contrary.''

We think the rule of the above three cases is decisive here. Just as was the fact in those cases, the appellant in the present case could have successfully resisted the motion of May 1, 1937, on the ground that it was a collateral attack on the order admitting the will to probate. But appellant stipulated to the true fact of lack of service. This

stipulation served to confer on the court (just as a stipulation or admission did in the above cases) the jurisdiction it would not otherwise possess to set the judgment aside on the ground that, by reason of the stipulation, the judgment was rendered void on its face.

This reasoning disposes of these appeals. It is not necessary, therefore, to consider the other grounds urged by respondent to sustain the order of May 14, 1937.

The appeals from the order of March 1, 1938, dismissing the amended petition for the probate of the will, and from specified parts of said order are, and each is, affirmed.

Ward, J., and Goodell, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1940.