[Civ. No. 19330. First Dist., Div. Two. Apr. 25, 1961.]

Estate of STEFANO E. COSTA, Deceased. MARGARET O. COSTA, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Respondent.

William D. Corbett and Clifford B. Bachand for Appellant.

Bruner & Minder and Gordon Minder for Respondent.

STONE, J. pro tem.*—This is an appeal from an order denying a petition for probate of a holographic will, for letters of administration with the will annexed, and to discharge executor, and from an order instructing payment of expert's fee.

Respondent is the duly qualified executor of the last will and testament of Stefano E. Costa, which was admitted to probate March 26, 1959. On August 5, 1959, appellant, the

---

*Assigned by Chairman of Judicial Council.

surviving widow of Costa, petitioned the court for probate of an alleged subsequent holographic will. It was written on the back of decedent's citizenship papers and reads as follows:

"Sat. Jan. 11th 1958

"Everything I own at my death goes to my wife Margaret Costa.

"STEVE COSTA"

Appellant alleges that she found this later will in July 1959, while going through decedent's papers. When the petition for probate came on for hearing, respondent, as executor of the will which was then being probated, appeared and announced that the executor intended to contest the will and requested a continuance for the purpose of filing a written objection. Appellant protested upon the ground that the executor of a prior will is not an interested person within the purview of Probate Code, section 370.* The trial court overruled appellant's objection and continued the matter for two weeks.

 Although no cases have been cited involving the right or duty of an executor to oppose the probate of a subsequent will, and we have found none by independent research, cases concerning the rights of executors in other types of will contests impel us to the conclusion that the trial court was correct in recognizing the right of the executor of the will previously admitted to probate to oppose the subsequent will. It has been established that an executor is an interested person within the meaning of Probate Code, section 370, if a contest to the will of which he is executor is filed. In *Estate of Webster*, 43 Cal.App.2d 6, 20 [110 P.2d 81, 111 P.2d 355], it was held: "Section 370 of the Probate Code provides that 'Any person interested may contest the will . . .' After a will has been admitted to probate and the executor has taken up the administration it becomes the executor's right and duty to protect the interests of the beneficiaries and he has, as such, a right to oppose a contest until final decision."

---

*The pertinent part of Probate Code, section 370, reads as follows: "Any person interested may contest the will by filing written grounds of opposition to the probate thereof at any time before the hearing of the petition for probate, and thereupon a citation shall be issued directed to the heirs of the decedent and to all persons interested in the will, including minors and incompetents, wherever residing, directing them to plead to the contest within 30 days after service of the citation, which shall be made personally or by publication in the manner provided by law for the service of summons in civil actions. . . ."

518

**Estate of Ronayne,** 103 Cal.App.2d 852, 856 [230 P.2d 423], goes a step further and upholds the right of a named executor to resist a contest of the will before probate.

Since the admission to probate of a subsequent will has the effect of nullifying a prior will, we can make no practical distinction between the established right of an executor to resist a contest either before or after probate of the will under which he serves and his right to oppose a different will subsequently offered for probate. In arriving at this conclusion, we have in mind the position occupied by an executor as expressed in *Estate of Riviere,* 8 Cal.App. 773, 776 [98 P. 46] : "When one executes a will and appoints an executor there is an implied direction by the testator that such person shall take all steps necessary to carry into effect the intent and object of the testator. The confidence reposed in such executor by the testator would be abused, and he would prove recreant to his trust did he not, even in the face of contests, diligently endeavor to establish the will and in all respects to carry out the wishes of the testator."

Thus, it seems only proper that the executor of a will admitted to probate should be allowed to contest a purported subsequent will if there is a possibility that the testator's wishes might be thwarted by a spurious or defective document. Furthermore, the appellant in her petition for probate of the holographic will alleged probate of the prior will and prayed for the discharge of respondent executor. This pleading, in our opinion, made respondent executor an interested party and entitled it to appear and contest the proceeding.

Appellant next takes exception to the procedure followed by the probate court. On the day of the hearing, respondent filed written opposition and asked for a continuance because an expert witness was unavailable. Counsel for appellant objected and maintained that he had a right to proceed with her petition for probate as a separate proceeding, regardless of the filed written opposition. In this he was clearly mistaken.

It has frequently been held that upon the institution of the contest before probate, the offer to prove the will is arrested, and probate thereof cannot be decreed until the contest is determined. (*Estate of Gregory,* 133 Cal. 131 [65 P. 315] ; *Estate of Carr,* 82 Cal.App.2d 780, 782 [187 P.2d 912] ; *Murray* v. *Superior Court,* 207 Cal. 381, 385 [278 P. 1033].)

Apparently this was not clear in the minds of the court and counsel, as at each of the three proceedings, including the final hearing on the contest, the appellant expressed a wish to proceed with her petition for probate; the respondent insisted that the contest must be heard at the same time, although it had not served the citations required by Probate Code, section 370; and the court's response was that it was interested in whether appellant was offering a valid will. Despite the controversy, the uncertainty, and the confusion, the proper procedure was finally agreed upon, as is demonstrated by the following colloquy:

"MR. CORBETT: We realize that, your Honor, but would it be your contention that if we proceed we are waiving any of our rights under Section 370 or 407?

"THE COURT: My idea would be for you to produce your evidence as to the verity of that handwriting.

"MR. CORBETT: In other words, I am strictly proceeding on my Petition, and when it comes time for his opposition, he is going to have to establish his side of the case?

"THE COURT: Yes.

"MR. CORBETT: All right, your Honor. We will proceed on the Petition."

The matter went forward according to this understanding in open court and thereby complied with the basic requirements of California probate law. The correct procedure in a will contest is summarized in the Continuing Education of the Bar work entitled "California Estate Administration," at page 159:

"Thus the procedure is as follows: a) The jury, if any, is impanelled. b) Proponent presents a prima facie case for execution of the will. At this stage the contestant does not have a *right* to cross-examine witnesses but may be permitted to do so by the court. c) If a prima facie case is made in support of the will, the contestant presents his case. The burden of proving invalidity of the will is on the contestant. d) Proponent submits his case.

"When there is no jury the procedure is usually the same, although the court has discretion to alter the procedure. *Estate of Fletcher* (1958) 50 C.2d 317, 325 P.2d 103. See the opinion of Justice Shaw denying a rehearing in *Estate of Latour* (1903) 140 C. 414, 73 P. 1070, 74 P. 441 which reviewed the procedure for trial of a contest.

"It is sufficient to make oral and written demand for a jury on the first day of the hearing for probate. Rule 6 of the Rules for the Superior Courts, which requires that a memorandum to set be filed containing the request, is not applicable. *Swift* v. *Superior Court, supra* [39 Cal.2d 358 (247 P.2d 6)]."

The last paragraph quoted above also disposes of appellant's contention that she was deprived of a jury trial. No demand was ever made for a jury and appellant waived that right by going forward with her case.

Likewise, appellant's argument that respondent as contestant did not serve citations as required by Probate Code, section 370, falls by reason of her appearance and participation in the hearing. It was held in *Estate of Maescher,* 78 Cal. App. 189, at page 198 [248 P. 537], that:

"But if it be thought that service of the citation has any bearing on the jurisdiction, its office can be only that of a summons in a civil action, viz., to give jurisdiction of the persons of those whose rights would be affected by revocation of the probate. A voluntary appearance would dispense with the necessity of service (*Abila* v. *Padilla,* 14 Cal. [103] 106, *Estate of Ricks,* 160 Cal. 467 [117 P. 539])." See also *Estate of Palm,* 68 Cal.App.2d 204, 213 [156 P.2d 62]; *Estate of Ricks,* 160 Cal. 467, 471 [117 P. 539].)

Appellant produced several witnesses including a handwriting expert and she has not indicated that were the case to be retried, she could produce any additional or other evidence. Respondent too produced, among other witnesses, a handwriting expert. The case was fully and fairly tried, the evidence supports the findings and no reversible error appears, despite the uncertainty as to the manner of procedure at the outset.

Appellant's final argument assigns as error the court's order allowing respondent executor to pay $300 to its principal witness, a handwriting expert. That the witness rendered services of a value of $300 is not questioned; appellant simply contends that the expense is not chargeable to the estate. We have heretofore held that the executor was a proper and interested party to the contest within the purview of Probate Code, section 370. Therefore, any legitimate expense incurred pursuant to that code section is a proper charge against the estate, and it was within the court's discretion to allow the item as provided in Probate Code, section 383. We believe the expense would be a legitimate allowance also under

Probate Code, section 902, for extraordinary services, or under Probate Code, section 1232, which provides:

"When not otherwise prescribed by this code or by rules adopted by the Judicial Council, either the superior court or the court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require."

The orders appealed from are affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.

. Appellant's petition for a hearing by the Supreme Court was denied June 21, 1961.