Opinion
 

 BROWN (Gerald), P. J.
 

 Thomas H. Denman appeals the order instructing Bank of America, NT & SA (Bank) to resist his petitions to determine community property and to probate a later dated will.
 

 Alice T. Denman died December 28, 1976, leaving an estate in excess of $6 million. Alice’s will dated September 16, 1975, with a codicil, was filed on January 28, 1977, and made the following dispositions: $500 per month to her maid, $10,000 to a church, $1,200 per month plus all property owned or possessed in Nevada to her husband, Tom, specific monetary bequests to her sisters and the rest and residue equally to her five nieces and nephews. It was admitted to probate. Tom filed a petition to determine community property interests on May 11, 1977 (Prob. Code, § 650 et seq.) and a petition to probate an acknowledgment and agreement as a will and an addendum as a codicil on February 23, 1978. The administrator-with-will-annexed, Bank, filed a successful petition to incur extraordinary costs to oppose these two petitions.
 

 Tom argues the administrator of an estate must take a neutral position when the claimants disagree about the estate’s distribution and the court’s order that Bank can intervene here places it in a conflict of interests. However, the law in this area is neither so simple nor so clear. Where a will has been admitted to probate, the executor has the right to resist a contest if an allegedly later will is presented
 
 (Jay
 
 v.
 
 Superior Court,
 
 10 Cal.App.3d 754, 758 {89 Cal.Rptr. 466]). Generally the executor likewise has been found to have a duty to resist such claims. (See
 
 Estate of Korthe, 9
 
 Cal.App.3d 572, 574, 578 [88 Cal.Rptr. 465].) However, insofar as the extent of the executor’s duty is unclear so also is his right to compensation
 
 (Estate of Parsons,
 
 65 Cal. 240, 241 [3 P. 817];
 
 Estate of Costa,
 
 191 Cal.App.2d 515, 520 [12 Cal.Rptr. 920]). The trial court has the discretion to determine whether the claimants or the estate will bear the expense (Prob. Code, § 1232;
 
 Estate of Hart,
 
 119 Cal.App.2d 310, 314 [259 P.2d 703]). Since the trial court has discretion in
 
 *292
 
 making the award, it will not be overturned on appeal absent an abuse of that discretion.
 

 As to the role of an executor or administrator in handling an estate, his duties are to preserve and protect the estate, to satisfy and discharge all debts and claims and to distribute the residue of the property to those entitled to receive it. The executor serves as a neutral stakeholder with a fiduciary obligation
 
 (Estate of Miller, 259
 
 Cal.App.2d 536, 545 [66 Cal.Rptr. 756];
 
 Estate of Bixby,
 
 140 Cal.App.2d 326, 334 [295 P.2d 68]). His duty centers around the estate and its interests.
 

 The petition to declare certain items as community property was made under Probate Code section 650 et seq. The Bank argues that if the property in question is community it will not be administered as part of the estate and, thus, will reduce the estate’s corpus. Bank claims this means the petition deals with and affects an interest in the estate such that it, as executor, has a duty to defend. Tom says the petition presents a controversy among claimants regarding distribution of the estate in which the bank has no duty to defend. The situation here is not the same as an
 
 inter vivos
 
 trust where the assets have already been removed from the testator’s ownership and are not part of his estate. (See
 
 Estate of Miller, supra, 259
 
 Cal.App.2d 536, 545;
 
 Estate of Hart,
 
 51 Cal.2d 819, 826 [337 P.2d 73];
 
 Elizalde
 
 v.
 
 Elizalde,
 
 137 Cal. 634, 638 [66 P. 369, 70 P. 861];
 
 Estate of Turino,
 
 8 Cal.App.3d 642, 646 [87 Cal.Rptr. 581].) Rather, the administrator has included as part of the estate assets which, unbeknown to him, may not be part of the estate. If Tom’s claim is successful, the community property need not be administered. There will be less resources to pay creditors and to satisfy the testator’s bequests. Not knowing the status of this property, the administrator has a duty on behalf of the creditors and legatees to resist Tom’s claim which could deprive the estate of assets. (See
 
 Estate of Hart, supra,
 
 51 Cal.2d 819, 826). The trial court properly instructed the administrator to resist the petition to declare certain items as community property.
 

 Tom’s petition to probate a second purported will directly challenges the proposed distribution of the estate under the terms of the first will and the amount available to creditors. Since the first will has been admitted to probate, it is presumed valid and the estate’s representative generally has a duty to defend it
 
 (Estate of Costa, supra,
 
 191 Cal.App.2d 515, 517;
 
 Estate of Dunton,
 
 15 Cal.App.2d 729, 731 [60 P.2d 159]). It was within the trial court’s discretion to instruct the administrator to resist this petition.
 

 
 *293
 
 Tom suggests the bank is placed in an irreconcilable conflict of interest if as the neutral administrator of the estate it is then allowed to promote the interests of the residuaiy legatees. Such a conflict should not arise since it is the bank’s obligation only to administer and defend the estate and to carry out the testator’s wishes. Here, however, Bank sought instructions on resisting these two petitions not on its own account but at the behest of the residuary legatees; the residuaiy legatees filed points and authorities in support of Bank’s petition in the trial court; the residuary legatees sought to have their counsel associated with counsel for the Bank for purposes of representing themselves and the estate. Bank did not resist these overtures. The underlying assumption appears to be the estate’s and residuary legatees’ interests are identical and interchangeable with the only difference between the two being who pays the bill. If this were the case, there would be no reason for the residuary legatees ever to have any representation. In fact, it is this distinction, interests of the beneficiaries versus interests of the estate, which determines whether the executor will be paid by the estate for its efforts. In resisting the petitions here the bank has a duty to act as a representative of the estate and not as an advocate for the residuary legatees.
 

 The order is affirmed.
 

 Cologne, J., and Wiener, J., concurred.
 

 A petition for a rehearing was denied July 2, 1979, and appellant’s petition for a hearing by the Supreme Court was denied August 15, 1979.