## GUY v. HANLY et al.

A NEW trial will not be granted on the ground of surprise at the introduction of false evidence when the evidence related solely to a point not necessarily involved in the decision of the action and which in fact had no influence upon the judgment.

False testimony given by mistake or otherwise is sufficient to avoid a verdict or decision based upon it, if ordinary prudence has been observed by the losing party.

If the defendant in ejectment desires to defend for only a portion of the premises, and to limit his liability for mesne profits in a corresponding proportion, he must frame his answer accordingly and specify the portion of the premises for which it is intended to defend and disclaim as to the balance.

To a complaint in ejectment for a fifty vara lot, the answer admitted the possession of defendants to the extent of one-third, "more or less," and the witnesses who testified upon the subject stated that they (defendants) were "on the lot—a part of it," without showing of what particular part they were in possession. The judgment was for the recovery of the whole lot, with damages for its detention, and on appeal it was assigned as error that the evidence warranted a recovery of only a portion of the lot with proportional damages: *Held,* that under the pleadings and proofs the judgment was proper.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion.

*Henry B. Janes,* for Appellants.

I. Appellants were entitled to a new trial upon the facts disclosed in the affidavit, showing surprise.

II. The evidence was insufficient to justify the judgment, as rendered, for the possession of the entire lot sued for, and damages estimated thereon. The only testimony offered upon this point was that of the witness Nightingale, to wit: "that the defendants were on it in January of that year," (1857)—"a part of it." "The plaintiff in ejectment must, at the trial, prove the defendants in possession of the premises in question or he cannot recover." (*Jackson* v. *Ives,* 9 Cow. 661; *Van Horne* v. *Emerson,* 13 Barb. 526.) A plaintiff in ejectment cannot succeed unless he prove the defendant to be in possession. (*Covley* v. *Penfield,* 1 W. 244; Adams on Ejectment, 319, and authorities there cited.) In an action of ejectment it must appear that defendant dispossessed the plaintiff,

or was in the actual possession of the land. (*Cooper* v. *Smith*, 9 Serg. & R. 26.)

If it be contended that the language of the answer is an admission of possession, we reply that the statement therein, that " appellants were in possession of one-third, more or less, under lease from their codefendant " could not relieve the plaintiff from proof of the possession in defendants of that portion of the lot not included in the admission. Without such proof he is entitled to no judgment either for possession or damages, or if he is entitled to any, it is only for the part, and the judgment of record should be amended so as to conform to the admission. In this case, it should only be for the possession of the one-third, more or less, and damages for the rents and profits of such portion.

A verdict for the whole of the premises claimed, when the plaintiff is entitled to only a part will not be set aside, but will be amended according to the right of the case. (Adams on Ejectment, 388, note and authorities cited; *Seward* v. *Jackson*, 8 Cow. 406.)

*Whitcomb, Pringle & Felton* for Respondents.

Cope, J. delivered the opinion of the Court—Field, C. J. and Norton, J. concurring.

The appeal in this case is from a judgment in ejectment, and from an order refusing a new trial. The motion for a new trial was based upon a statement of the evidence, and upon an affidavit alleging surprise on account of the introduction of certain testimony. The affidavit was made by the attorney who tried the case, and sets forth that, from information derived from his clients, no such testimony was anticipated, and that consequently he was not prepared to meet it. The object of the testimony was to prove prior possession in the plaintiff, and the affidavit states that the facts sworn to did not exist, and that the witness who deposed to them was mistaken. The proposition is, that the introduction of evidence which is untrue, and contradicts a state of facts relied upon as correct, makes out a case of surprise, the party not being prepared with countervailing proofs. There is no doubt that false testimony, given by mistake or otherwise, is sufficient to avoid a verdict or decision

based upon it, if ordinary prudence has been observed by the losing party. As to what constitutes ordinary prudence in such cases, no rule can be laid down as universally applicable, nor is it necessary to lay down any rule upon the subject as applying in this case. The decision was based upon a finding in favor of the plaintiff upon a paper title, and the point raised is irrelevant and immaterial. The question of possession was not passed upon, and might have been decided either way without changing the result.

The only additional point is that the evidence was not sufficient to justify the findings. The property sued for is a fifty vara lot in the city of San Francisco, and so far as the title is concerned the sufficiency of the evidence is not questioned. The Court finds the possession of the lot in the defendants Hanly, and it is objected that this finding was not authorized by the evidence. The answer admits the possession of the Hanlys to the extent of one-third, "more or less;" and the witnesses who testified upon the subject stated that they were "on" the lot—"a part of it." What particular part they were in possession of does not appear; and taking the answer and the evidence together, we think the Court was justified in finding as it did. The defense extended to the entire lot, and the possession being proved as to an indefinite part of it, the natural presumption was that it covered the whole. The object in view is to obtain a reduction in the damages awarded as mesne profits, and it is possible that the liability in that respect might have been limited. In order to limit it, however, the defense should have been framed accordingly, specifying the portion of the lot for which it was intended to defend, and disclaiming as to the balance.

Judgment affirmed.