[Civ. No. 4576. Fourth Dist. Sept. 21, 1953.]

RAOUL ARVIZU, Respondent, v. IMPERIAL PHONO-
GRAPH SERVICE, INC., Appellant.

James E. Marable for Appellant.

Irvin C. Evans for Respondent.

GRIFFIN, Acting P. J.—This is an action based on a common count of money had and received, to recover $700 predicated on a claimed fraudulent sale of seven shares of stock in defendant corporation in September, 1946, to plaintiff. In a trial by the court plaintiff recovered judgment in said amount and defendant appealed.

As stated in the opening brief, the only question raised on appeal is the claim that plaintiff unexpectedly testified falsely at the trial as to certain material facts and took defendant by surprise, misled the court, and prevented defendant from having a fair trial, and that upon such showing it was entitled to a new trial 'as a matter of right, citing such cases as *Rudin* v. *Luman*, 53 Cal.App. 212 [199 P. 874] ; and *Guy* v. *Hanly*, 21 Cal. 397. In its brief, however, the merits of the conflicting evidence in the case is made the subject of attack.

After entering judgment on February 26, 1952, plaintiff served, on April 25, 1952, notice of entry of judgment. Defendant, on April 30, 1952, gave plaintiff notice of intention to move for a new trial upon the ground indicated and filed affidavits in support thereof. Plaintiff presented a countershowing. Hearing on the motion was set for June 13, 1952, and counsel for plaintiff was so notified. On June 9, 1952, plaintiff's attorney phoned defendant's attorney and asked for a continuance of two weeks because of his inability to be present and argue the matter on the date set. Counsel for defendant consented to such continuance without thinking that the extension would be beyond 60 days from the date of service of the notice of entry of judgment. ■ Under section 660 of the Code of Civil Procedure the power of the court to pass on that motion expired on June 25th, and the effect was a denial of the motion without further order. (*Holquin* v. *Allison*, 97 Cal.App. 126 [274 P. 1037].)

On June 27, 1952, two days thereafter, the motion came on for hearing. Counsel for plaintiff called the court's attention to the possibility of lack of jurisdiction to act, but announced he was prepared to oppose the motion. The motion was fully argued, submitted for decision and, on the same day, the court entered a formal order denying the motion without stating any reason therefor. Under these circum-

stances we will be compelled to limit our review of the evidence to any issues properly presented by an appeal from the judgment.

The testimony of plaintiff shows that in Imperial County, in September, 1946, he agreed to purchase shares of stock in defendant company, a Nevada corporation, prior to the actual date of its incorporation; that he was not one of its original incorporators; that on October 14, 1946, he was issued a certificate of stock for 2,500 shares; that certain other stock was sold; that all of it was sold in violation of the Corporate Securities Act of this state, and particularly sections 25009, 25152, 25153, 25601 and 25700 of the Corporations Code, and that plaintiff had no knowledge of defendant's violation of these sections until about February 21, 1951; that he never had any notice of any stockholders' meetings; that when he addressed a registered letter to the company requesting information about it and its progress he received no reply; that he then instituted an investigation and found that it had no permit in California to sell such stock and had violated the sections above mentioned. Evidence of such violations was corroborated by certificates from the several public officials of this state authorized to issue such certificates.

The president of defendant corporation, Mr. Loo, testified that plaintiff did make investigation as to the feasibility of the venture; that he and plaintiff went to see an attorney about organizing a corporation; that the attorney advised the formation of a Nevada Limited corporation; that it would be organized there by certain individuals who were residents of that state who would be named as officers; that they would sell the stock to the California resident subscribers in Nevada; that the original officers would resign and they would be replaced by local stockholders; that certificates were accordingly issued but for some reason plaintiff's certificate remained in the certificate book for some time and was subsequently mailed to plaintiff.

Plaintiff testified that he took no part in the organization of the corporation; that Loo and another person asked him if he would like to invest in the company's business that they were then operating in Imperial County; that he left for Los Angeles and came back with $700 and gave it to Mr. Loo; that he received no receipt for it; that Loo told him the company needed the money and hoped he could obtain some more; that he never went to Nevada and never received a stock certificate

until 1947; that he never in his life met the lawyer mentioned by Mr. Loo, never was in his office, and never talked to anyone except Mr. Loo and a Mr. Valencia about the defendant corporation.

Upon this evidence the court found generally in favor of plaintiff and that in 1946, Loo solicited plaintiff for the purchase of stock in defendant corporation in the State of California; that he lacked a permit to sell the stock and had violated certain sections of the Corporations Code above enumerated; that no transaction relating to the sale of said shares was conducted in Nevada; that neither Loo nor plaintiff was ever there in connection with the formation of the corporation; that the power of attorney, admittedly signed by plaintiff in connection therewith, was never delivered to said corporation nor acted upon by it in Nevada; and that plaintiff did not discover that defendant corporation or Loo was without the required permit in California until sometime in February, 1951.

The court then specifically found that any statute of limitations pleaded by defendant against plaintiff did not commence to run until the date of such discovery. Under the evidence thus presented, the court was justified in finding for plaintiff. (*Boss* v. *Silent Drama Syndicate*, 82 Cal.App. 109 [255 P. 225]; *Goodspeed* v. *Great Western Power Co.*, 33 Cal. App.2d 245 [91 P.2d 623, 92 P.2d 410].)

 Defendant's affidavit presented on the motion for new trial contradicted plaintiff's testimony as to the activities of plaintiff, Loo and a Mr. Valencia in reference to entering into the business, and related to statements which indicated that there was a mutual intention of plaintiff and Loo to form a corporation. In Valencia's affidavit he stated that only he and Loo went to the attorney's office in reference to the formation of the corporation, but that they subsequently informed plaintiff about their plans; that accordingly plaintiff signed a power of attorney to one Brady in Nevada, which was prepared by the corporation's attorney and which was to be used in the formation of the corporation, and that it was subsequently mailed to Brady in Nevada.

In a counteraffidavit plaintiff averred that certain statements in defendant's affidavit were false, libelous, and untrue, and pointed out that Valencia's affidavit corroborated his testimony to the effect that he never did visit the attorney's office with Loo in California.

We conclude that the evidence produced by plaintiff does support the findings and judgment, and if the affidavit could be properly considered on the motion for new trial, only a conflict in the evidence was presented and there is no sufficient showing made why said evidence could not have been produced at the trial. (20 Cal.Jur. p. 80, § 57, and cases cited.)

Judgment affirmed.

Mussell, J., concurred.